Sanders *vs.* Etcherson.

WILLIAM SANDERS *et al.*, plaintiffs in error, *vs.* JOHN ETCHERSON, defendant in error.

NOTE.—WARNER, C. J. did not preside in this case.

1. Where several joint defendants are declared against as "of said county," some being served, and *non est inventus* returned as to the others, and a plea in abatement is filed, alleging that some of those not served reside in other counties in this State; the plea will be overruled, and the case will proceed against those served; the Court in its discretion, may delay the trial and have the other parties served.

2. If suit be pending against two or more, and some of the defendants die, the action may proceed against the survivors.

3. If a general verdict be rendered in a case where some of those named in the writ as defendants, are not served, and others are dead and their representatives not parties defendants, the intendment of law is, that the finding is against those only who are parties to the issues tried by the jury.

4. Where a judgment has been rendered and execution issued therefrom, the mere absence of the execution unaccounted for, is no evidence that the judgment has been satisfied. If a party alleges the payment, he should establish the fact of such payment by proof.

5. Certain stockholders of a Company, under their hands and seals, guaranteed the payment of all the debts of said Company then outstanding, and bound themselves to pay all of said debts to the creditors, who would indulge the Company upon their claims, for ten months from that date. Held that a creditor of the Company at the time, who indulged the Company ten months, was entitled to recover the amount of his debt against the Company, from said stockholders, without having notified them that he would so indulge the Company. By complying with the terms prescribed, the creditor entitled himself to the benefit of the provisions of the guaranty or obligation.

Guaranty.    Tried before Judge HUTCHINS.    Gwinnett Superior Court.    November Term, 1866.

The Lawrenceville Manufacturing Company, on the 1st August, 1854, made and delivered to John Etchison their note for $380.88, due one hundred and sixty days after its date.

Subsequently, to-wit: on the 7th day of February, 1855, twenty-seven stockholders of said Company executed a guaranty in these words : "GEORGIA, *Gwinnett County.*—We the the undersigned, stockholders of the Lawrenceville Manufacturing Company, hereby guarantee the payment of all the debts heretofore made and now outstanding against said Company, and bind ourselves personally for the payment of the same, to all the creditors of the Company who will not sue, but indulge the Company upon their claims for ten months from this time, we to be liable to the creditors for the whole amount; but as between each other in proportion to the stock owned by each." On the 16th August, 1856, Etchison sued the Company on said note, and obtained final judgment 17th March, 1857.

Afterwards he brought suit upon said guaranty against all of the guarantors, alleging that they all resided in said county. Fourteen of the defendants were served. As to the others, the sheriff made this return : "William Sanders not found in this county—Richard Whitworth, Ancelly Anthony, James Garmany, Wilson Kemp, Joshua K. Sparks, John S. Porter, Amaziah Orr, Wilson R. Alexander, Asa Wade, James R. Jackson, David H. Fraser, James C. Patterson, this August 26th, 1859.    WALTON CAMP, Sheriff."

At the appearance term, September, 1859, the defendants who had been served plead, that they signed said guaranty jointly with those not served, and set forth the residences of those not served, who were in life, and the residences of the legal representatives of those not served, who were ;dead, some in Gwinnett County and others elsewhere.

Time was given for service, and those others were served. During the progress of the case, the death of eight of these guarantors, including three of those who had not been served, was suggested of record.

There was no other plea filed, except *non est factum* by Joshua S. Wilson alone.

The case stood for trial on the appeal, November Term, 1866. The parties having announced ready and a jury being empanelled, defendants objected to the trial proceeding because the other parties had not been served, and no sufficient return of *non est inventus* as to them had been made. The objection was overruled.

Plaintiff read in evidence said guaranty, said note and the said declaration and judgment thereon.

Plaintiff introduced ROBERT M. GOWER, who testified, that he held a claim against said Company about the time the guaranty was offered, and that he sued said Company and collected the money thereon.

Plaintiff closed. Defendant introduced no evidence.

After argument and the charge of the Court had been heard, the jury rendered a verdict for $380.88, with interest and costs of suit.

Defendants moved for a new trial on the following grounds:

1st. Because the Court erred in overruling the plea in abatement, and forcing defendants to trial without service being perfected upon the other guarantors.

2d. Because the verdict was contrary to law, contrary to the evidence, and without evidence.

The Court refused the new trial, and that refusal is assigned as error.

Sanders *vs.* Etcherson.

SIMMONS & WINN for plaintiff in error, cited as to the service and plea in abatement, Raney vs. McRea, 14th Ga. R., 589; and contending that this was not a guaranty but only a proposal (under the evidence) cited Comyn on C. 1, 2d Bouv. Ins. 56; 2d Stark. Ev. 371; Stafford vs. Lowe, 16th John. R. 67; Beekman vs. Hale, ib. 134; Soller & Warley vs. Menzy, 1 Bailey S. C. R. 623; 6 Hill N. Y. R. 540, etc.

N. L. HUTCHINS Jr., T. M. PEEPLES, W. HOPE HULL, for defendants in error, cited 2d Am. Lead, Cas., pg. 1 to 99.

WALKER, J.

1. The return of the sheriff in this case is not very formal, but the legal effect of it is a return of *non est inventus* as to the parties not served. The petition alleges all the parties named as defendants, to be " of said county." Under this state of facts, had the plaintiff a right to proceed against those defendants who had been served? Our understanding of the practice, under the act of 1820, Cobb's N. D. 484–5, Code 3263, is, that upon a return of *non est* as to any defendant against whom suit has been brought, as of the county where the suit is located, the Court will permit the plaintiff to proceed against those served. We are not disposed to disturb this practice. A plea in abatement should not be sustained by showing that the defendants not served reside in some other county in the State. The course adopted by the Court in this case seems to be a very good one, i. e. to delay the trial and give time to bring in the other defendants who may, by the sworn plea of the defendants served, be shown to be within the jurisdiction of the Court. We incline to think it will be better to leave the direction of such cases to the discretion of the Courts below; and their action should not be controlled except when an abuse of that discretion is shown.

2. That the plaintiff had a right to proceed against the surviving defendants after the death of some of those served, without making the representatives of the deceased parties, can admit of no doubt. Code 3377.

3. It is insisted that this verdict is contrary to law because

it is general against all the defendants, as well those not served and those dead, as those who are parties to the issue. If this be an error, it is a mere irregularity which, on motion, the Court could correct. Certain parties were at issue; they were the plaintiff on the one side, and the defendants who had been served and were in life, on the other. The jury passed upon the issues between the parties thereto. The intendment of law is, that the finding is against those only who were parties to the issue; no others were heard in the assertion of their rights. The verdict is certainly valid against these parties who are here complaining; they had their day in Court. If an effort should be made to enforce the judgment against any of those who were not parties to the issue, it will be for them to take such steps as may be necessary to protect their rights.

4. It was insisted, that as a judgment was shown in favor of the plaintiff, against the Lawrenceville Manufacturing Company, and as the execution issued therefrom was absent and unaccounted for, the law presumes that the debt has been paid. Plaintiff showed a debt of record due to him, and if it had been paid, it certainly was for the defendants to prove it. The mere absence of the *fi. fa.* was no evidence of payment; nor did the fact that the Company paid Gower his debt, raise a presumption of payment to the plaintiff. In Reynolds vs. Lyon, 20 Ga. R., 225, this Court decided that it is not necessary, in a suit to revive a dormant judgment, for the plaintiff to prove that an execution issued thereon is not vital and effective. If such be the fact, it is matter of defence. And so say we in this case. If the judgment be paid, it is matter of defence.

5. The great question in this case arises ont of the construction of the instrument sued on. Much has been written on the subject of guaranty, and many cases decided involving questions connected with it. It is difficult, perhaps impossible, to reconcile all the decisions. In 2 Am. L. C., from p. 33 to 101, this whole subject is elaborately examined, and all the cases collated. From an examination of the decisions for the purpose of determining in what classes of cases notice of

Sanders *vs.* Etcherson.

an intention to act under a guaranty must be given to a guarantor, in order to bind him; and in what classes of cases a guaranty will take efftct on. the doing, or forbearing, some definite thing as its consideration, perhaps the following general rule may fairly be deduced: 'whenever this guaranty is not positive, but amounts to a mere offer to guaranty, if the other party will agree to accept it; or where the credit to be given, or other action, which is to be the consideration of the guaranty, is executory and uncertain as to the amount for which, or the time at which, the guarantor is to become liable—as for instance, an offer to guarantee payment for goods of uncertain kind, value or amount, to be sold at a future time—then notice of acceptance must be given to the guarantor in order to bind him.   But where the undertaking of the guarantor is positive, and the amount he agrees to guaranty is fixed, and the guaranty is to take effect on the doing or forbearing some definite thing as its consideration, then no notice of acceptance is necessary; but the liability of the guarantor is fixed as soon as the consideration is completed. This is substantially the rule deduced by our brother Hull from the authorities, and we are disposed to adopt it as a correct deduction from the numerous decisions made on the subject of guaranty.   In 2 Bouv. Ins., 56, the rule is laid down thus: "If the instrument does not express an absolute engagement, but a proposal or offer to guaranty, the contract is not complete until the party to whom the proposal has been made, has signified his acceptance of it.    A distinction must be made between an *offer* to guaranty at a future time, and an *absolute present guaranty*.   The former is not binding till accepted; the latter takes effect as soon as made.   An example or two will explain this difference: 'I guaranty the payment of any goods which A. B. delivers to C. D.' is a present guaranty, and the party to whom it is given may act upon it without further communication.   On the other hand, 'I have no objection to guaranty you against any loss for giving them this credit;' 'I have no objection to be answerable as far as £50.   For any reference, apply to Messrs. B. & Co., of this place,' have been held as mere proposals to guaranty, and

that the party to whom they were severally made, ought to have given notice to the makee of his acceptance." Apply these tests to this contract, and we are very clear that it is a present absolute guaranty, and the defendants are liable. Its language is, "We hereby guaranty the payment of all the debts heretofore made and now outstanding against said Company, and bind ourselves personally for the payment of the same, to all the creditors of the Company, who will not sue, but indulge the Company upon these claims for ten months from this time." The consideration for the guaranty was indulgence of the Company for ten months from that date without suit—this indulgence was given. This plaintiff was one of the class to be guaranteed,—his debt was theretofore made and then outstanding against the Company; the amount was fixed, and the guaranty was to take effect on the forbearance to sue, as the consideration; and therefore no notice of the acceptance of the guaranty was necessary. Such being the case, the Court did right to hold defendants liable.

Judgment affirmed.