Claflin & Company *vs.* Briant.

H. B. CLAFLIN & COMPANY, plaintiffs in error, *vs.* GEORGE J. BRIANT, defendant in error.

1. Where the defendant, by letter to plaintiffs, offered to indorse for certain third persons, desirous of purchasing goods from plaintiffs, to a specified amount, and the latter sold goods on the faith of such letter,.the defendant would not be liable thereon unless the plaintiffs, within a reasonable time, gave him notice that they had accepted his offered guaranty, or had acted upon it.

2. Where evidence offered does not tend to establish, in any way, the point in issue, it should be excluded.

3. Newly discovered evidence relating to a distinct cause of action, of which there is no allegation in the declaration, is no ground of new trial.

Guaranty. Indorsement. Contracts. Evidence. New Trial. Before Judge McCUTCHEN. Bartow Superior Court. July Term, 1876.

The newly discovered evidence relied on as a ground for new trial, presented the following facts :

At the time that Chapman & Dobson bought the stock of goods from Briant, they gave him a mortgage to secure the payment of promissory notes to the amount of $6,400.00 for purchase money, covering the entire stock and all future additions which might be made thereto. This mortgage was dated June 12th, 1874. On the 22d of the same month, Briant transferred, by indorsement, for value received, this instrument, and the notes secured thereby, to one G. C. Tumlin, and afterwards gave the letter of credit for the purpose of inducing the plaintiffs to sell goods to. the aforesaid firm to inure to his own benefit in the extinguishment of said indebtedness. A portion of the goods sold by plaintiffs to Chapman & Dobson, under said letter of credit, went to the extinguishment of said mortgage and notes. In July, 1874, said stock of goods was turned over to Tumlin in extinguishment of said notes and mortgage.

This ground of the motion was supported by the usual affidavits.

For the remaining facts, see the decision.

M. R. STANSELL, for plaintiffs in error.

No appearance for defendant.

WARNER, Chief Justice.

The plaintiffs brought their action against Chapman & Dobson as makers of a promissory note for the sum of $677.16, and George J. Briant, as indorser or guarantor thereof. The plaintiffs also allege that they sold and deliv-ered goods to Chapman & Dobson, to the amount of said note so given to them by said last-named parties, upon the faith and credit of the following letter, written by the de-fendant, Briant, to one Glass, in the city of New York:

"CARTERSVILLE, GA., Sept. 10th, 1874.

"*Mr. W. A. Glass :*

"DEAR SIR—Messrs. Chapman & Dobson have just started in busi-ness in this place, having bought out my stock of dry goods, boots, shoes, hats, etc. They are young men of close business habits and moral standing ; they have not the capital to purchase their fall stock, and, being unacquainted with merchants of your city, feel a delicacy in asking credit. They wish me to indorse for them to the amount of $2,000 or $2,500 ; perhaps not so much at any one time, but will buy only in small quantities to keep up a pretty respectable stock ; and, under the peculiar circumstances, I will indorse for them to the above-named amount, provided they wish to purchase to that amount, or any amount less."

At the trial of the case the defendants, Chapman & Dob-son, made no defense, but the defendant, Briant, did, and, under the evidence, and charge of the court, the jury found a verdict in his favor. The plaintiffs made a motion for a new trial on the ground that the court erred in charging the jury : first, that the defendant, Briant, was not liable on his letter of guaranty unless the plaintiffs, within a reasonable time, had given him notice that they had accepted it, or had acted upon it ; second, because the court erred in ruling out a copy of a letter, taken from the plaintiffs' letter-book, offered in evidence by them, the original of which, the

plaintiffs alleged, had been sent to the defendant by mail, (but which the defendant, on notice to produce, positively denied ever having received) for the purpose of proving notice of the acceptance of the defendant's guaranty; third, on the ground of newly discovered evidence. The court overruled the motion for a new trial, and the plaintiffs excepted.

1. It appears from the evidence in the record that Glass, to whom defendant's letter of the 10th of September was addressed, was a general purchasing agent of goods in the city of New York, and that he presented the letter to the plaintiffs, and purchased the goods for Messrs. Chapman & Dobson. There was no error in the charge of the court to the jury in regard to the notice required to have been given by the plaintiffs to the defendant, Briant, of the acceptance of his proferred guaranty—2 Parsons on Contracts, 13.

2. The copy-letter, sought to be introduced in evidence for the purpose of proving notice of acceptance of the defendant's guaranty in the city of New York, appears, from the evidence in the record before us, to be dated the 10th of September, 1874, the same day on which the defendant's letter of guaranty was written at Cartersville, Ga. But that copy-letter does not purport on its face to give the defendant notice that his guaranty had been accepted; but, on the contrary, states that they have seen his letter to Glass, and inclose to him the form of a guaranty to sign, leaving the amount blank, with the request that he return it by the first mail. There was no error in ruling out the copy-letter as evidence for the plaintiffs to prove notice to the defendant of their acceptance of his proffered guaranty, contained in his letter to Glass of the 10th of September, 1874.

3. The newly discovered evidence relates to a new and distinct cause of action against the defendant, of which there is no allegation in the plaintiffs' declaration.

Let the judgment of the court below be affirmed.