REID *et al.*, executors, *v.* SEWELL *et al.*, executors.

LUMPKIN, P. J.   1. Though one may, as a party or otherwise, be pecuniarily interested in the result of a case brought by an executor, he is not incompetent to testify to admissions made in his presence by the testator to another, when it appears that the conversation in which such admissions were made was not addressed to the witness. *Ray v. Camp,* 110 *Ga.* 818.

2. In order to entitle a defendant to the opening and conclusion of the argument, he must in his pleadings, and before the plaintiff begins to introduce testimony, admit enough to make out a prima facie case for the latter. *Massengale v. Pounds,* 100 *Ga.* 770 ; *Dorough v. Johnson,* 108 *Ga.* 812 ; *Central Ry. Co.* v. *Morgan,* 110 *Ga.* 168 ; *Whitaker* v. *Arnold,* 110 *Ga.* 857.

(*a*) This is not done when the action is one by an executor upon a promissory note, and the defendant merely admits the execution of the paper and its delivery to the plaintiff's testator. The answer should go further and embrace an admission that the plaintiff, in his representative capacity, was at the time of bringing of the action the holder of the note in question.

(*b*) As the plaintiffs in the present case were, by reason of the court's refusal to allow them to open and conclude, deprived of a substantial right, and as the evidence by no means demanded the verdict, a new trial should be had. *Massengale* v. *Pounds,* supra.

*Judgment reversed. All the Justices concurring.*

Submitted July 27, — Decided August 9, 1900.

Complaint.   Before Judge Candler.   Campbell superior court.   December 29, 1899.

*L. S. Roan,* for plaintiffs.   *J. F. Golightly,* for defendants.

---

BARNES CYCLE COMPANY *v.* SCHOFIELD.

LITTLE, J.   1. An instrument in the form of a contract between two parties, signed by one of them and by an agent of the other, with a clause reciting that "this contract shall not be considered as binding upon the first party until approved in writing by" the second party, is only a proposal to contract, submitted by the party of the first part to the party of the second part.

2. When, before approval of the proposed contract by the latter, a third person for a valid consideration paid by the party of the first part enters in writing upon such proposal a stipulation that he will "guarantee all sums owing or which may hereafter be owing [by the party of the first part] during the term of this contract," etc., such endorsement amounts only to a proposal of guaranty, and does not take effect until the original paper becomes a binding contract between the parties of the first and second part by the contemplated approval in writing.   Being a proposal

to guarantee performance by the party of the first part when the contract becomes binding, the guarantor is entitled to notice of its acceptance by the party of the second part before he is bound by the terms which it sets forth. *Sanders* v. *Etcherson*, 36 *Ga.* 409 ; *Claflin* v. *Briant*, 58 *Ga.* 414 ; Brandt on Suretyship, §§189–193 ; Clark on Contracts, 29.

3. The record not disclosing that any proper notice of acceptance by the party of the second part was given to the guarantor, there was no error in any of the rulings made by the trial judge, nor in the direction of a verdict in favor of the guarantor.

*Judgment affirmed.    All the Justices concurring.*

Argued July 19, — Decided August 9, 1900.

Complaint.    Before Judge Nottingham.    City court of Macon.  September term, 1899.

*J. R. L. Smith*, for plaintiff.    *Estes & Jones*, for defendant.

111 881
121 519

## Macon Navigation Company *v.* Schofield's Sons.

Little, J.   1. A person interested in litigation as a party to a case in a trial court may on motion be made a party plaintiff in error in this court, in connection with the person suing out the bill of exceptions, they being on the same side in the lower court, and the writ of error will not be dismissed on motion of the defendant in error because such person has not been served with the bill of exceptions.  *Western Union Tel. Co.* v. *Griffith*, 111 *Ga.* 551.

2. The secretary and treasurer of a company, who as such holds funds belonging to it, is not subject to a process of garnishment requiring him to answer what property or effects he has in his hands belonging to the company of which he is an officer; his possession of such property as an officer is possession by the company.  If such officer has been garnished as an individual, and he holds anything in his hands as an individual belonging to the company, such officer as an individual is subject to garnishment, and the property which he holds as an individual may be subjected to a debt against the company.

3. When the person who holds the office of secretary and treasurer of an incorporated company has been garnished, both as an officer of the company and as an individual, to answer what he is indebted to the company, or what effects belonging to it he has in his hands, and answers that as an individual he owes the defendant nothing and has none of its effects in his hands, but that as an officer of said company he has in his hands a given sum of money belonging to his company, it is error to enter a judgment against the garnishee for the amount admitted to be in his hands as an officer of such company.

*Judgment reversed.    All the Justices concurring.*

Argued July 20, — Decided August 9, 1900.