7146.  BROWN GROCERY COMPANY *et al. v.* PLANTERS
BANK OF AMERICUS.

1. Where the credit to be given or other consideration of a guaranty is executory and uncertain as to the amount for which, or the time at which, the guarantor is to become liable, notice of acceptance of the guaranty must be given to the guarantor in order to bind him.
2. The court erred in not sustaining the general demurrer to the petition.

DECIDED JULY 12, 1916.

Action on guaranty; from city court of Americus—Judge Harper.  December 7, 1915.

*W. W. Dykes, R. L. Maynard,* for plaintiffs in error.

*T. O. Marshall, E. A. Hawkins,* contra.

HODGES, J.  The Planters Bank of Americus brought suit against certain parties under a contract of guarantee, which was as follows: "We, the undersigned, for and in consideration of the mutual promises made, and the value that we shall receive from the Americus Baseball Association, do hereby subscribe and agree to be one of the twenty or more persons to guarantee the payment of the expenses of the Americus Baseball Association, for the season of 1914.  It is understood, however, that all net gate receipts and receipts for refreshment privileges, and all subscriptions that can be collected, shall be appropriated towards the payment of the expenses of the Americus Baseball Association before there is any liability on this guarantee."  (Signed by all the parties.)  The petition did not allege notice of acceptance, given to the guarantors, to bind them.  It will be observed that the contract sued upon is executory and uncertain as to the amount for which, and the time at which, the guarantors become liable, the undertaking being "to guarantee the payment of the expenses of the Americus Baseball Association, for the season of 1914."  The demurrer makes the point, among others, that as the petition does not allege that notice of acceptance was given to the guarantor, no cause of action is set forth.

This court is of the opinion that the trial judge should have sustained the demurrer.  It was held in *Sanders* v. *Etcherson,* 36 *Ga.* 404, that whenever a guaranty "is not positive, but amounts to a mere offer to guaranty, if the other party will agree to accept it; or where the credit to be given, or other action, which is to be the consideration of the guaranty, is executory and uncertain as to the amount for which, or the time at which, the guarantor is to

become liable—as, for instance, an offer to guarantee payment for goods of uncertain kind, value or amount, to be sold at a future time—then notice of acceptance must be given to the guarantor in order to bind him. But where the undertaking of the guarantor is positive, and the amount he agrees to guarantee is fixed, and the guaranty is to take effect on the doing or forbearing some definite thing as its consideration, then no notice of acceptance is necessary; but the liability of the guarantor is fixed as soon as the consideration is completed." In *Claflin* v. *Briant*, 58 *Ga.* 414, the Supreme Court ruled: "Where the defendant, by letter to the plaintiffs, offered to indorse for certain third persons, desirious of purchasing goods from plaintiffs, to a specified amount, and the latter sold goods on the faith of such letter, the defendant would not be liable thereon unless the plaintiffs, within a reasonable time, gave him notice that they had accepted his offered guaranty, or had acted upon it." It will be observed that the subscribers to the instrument sued on "do hereby subscribe and agree to be one of the twenty or more persons to guarantee the payment of the expenses of the Americus Baseball Association, for the season of 1914," but it fixes no certain amount to be paid by the guarantors, and is in effect a general letter of credit. The Americus Baseball Association transferred this general letter of credit to the Planters Bank of Americus, and the bank advanced the Americus Baseball Association $3,000 on June 1, 1914, and $1,700 on August 15, 1914, aggregating $4,700, for which the bank brought suit. "Being a proposal to guarantee performance by the party of the first part when the contract becomes binding, the guarantor is entitled to notice of its acceptance by the party of the second part before he is bound by the terms which it sets forth." *Barnes Cycle Co.* v. *Schofield*, 111 *Ga.* 880 (36 S. E. 965). In the case of *Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14, 21 (33 S. E. 701), Justice Cobb, quoting from the decision in *Sanders* v. *Etcherson*, supra, said, that in some cases notice of acceptance would be necessary; but that "where the undertaking of the guarantor is positive, and the amount he agrees to guarantee is fixed, and the guaranty is to take effect on the doing or forbearing some definite thing as its consideration, then no notice of acceptance is necessary." In the case at bar the undertaking of the guarantors is not positive, and the amount they agree to guarantee is not fixed, and it would seem,

from a consideration of the opinion of Walker, J., in the case of *Sanders* v. *Etcherson,* supra, and the opinion of Cobb, J., in *Manry* v. *Waxelbaum Co.,* that the test is as to the certainty of the contract. In the opinion of this court this was a general letter of credit, not undertaking any positive contract, and no fixed amount was guaranteed. In the case of Adams v. Jones, 12 Peters, 207 (9 L. ed. 1058), it was held, as to a letter of guaranty addressed to a particular person, or to persons generally, for a future credit to be given to a party in whose favor the guaranty is drawn, that, to charge the guarantor, notice is necessarily to be given him that the person giving the credit has accepted or acted upon the guaranty, and has given credit on the face of it. Justice Story said: "This is not now an open question in this court, after the decisions which have been made in Russell v. Clark, 7 Cranch, 69 [3 L. ed. 271]; Edmondson v. Drake, 5 Peters, 624 [8 L. ed. 251]; Douglass v. Reynolds, 7 Peters, 113 [8 L. ed. 626]; Lee v. Dick, 10 Peters, 482 [9 L. ed. 503]." The petition in this case not alleging notice of acceptance, and the contract sued upon not being positive and certain in its terms, the court erred in not sustaining the general demurrer.     *Judgment reversed.*