No. 18,906.

UNION INTERCHANGE, INC. *v.* SIMON SIEROTA.
(355 P. [2d] 1089)

Decided October 17, 1960.

Mr. WILLIAM C. MURPHY, JR., Mr. KENNETH N. KRIPKE, for plaintiff in error.

Mr. HARRY L. SILVERMAN, for defendant in error.

*In Department.*

PER CURIAM.

THE parties are here in the same order as they appeared in the trial court; namely, Union Interchange, Inc., as plaintiff and Simon Sierota as defendant.

The action was originally brought by the plaintiff in the Municipal Court of the City and County of Denver on March 22, 1957, upon a contract demand by the plaintiff against the defendant in the amount of $187.50. On May 3, 1957, that court entered a judgment of nonsuit on the plaintiff's claim. On May 13, 1957, the plaintiff filed an appeal bond which was approved and appeal taken to the Superior Court of the City and County of Denver.

The matter was there tried on September 10, 1958, to the court. There were no written pleadings in the case.

At the trial in the superior court the plaintiff called the defendant Sierota for cross examination under Rule 43 (b), R.C.P. Colo. Sierota identified plaintiff's Exhibit A as a document which he had signed.

The witness Renell, vice president and general manager of the plaintiff corporation, identified Exhibit A as an order for advertising in the U. I. Brokers Bulletin and in the U. I. Buyers Digest. Renell testified that an advertisement concerning defendant's business was published in five issues of these publications. The publications, themselves, were admitted in evidence without objection.

Exhibit A was offered in evidence by the plaintiff as a contract between the parties to establish the liability of the defendant. This exhibit is an authorization to advertise the defendant's business in the next issues of the two publications and an agreement to pay $150.00 therefor. The instrument contained the following clause: "This agreement shall become effective only when accepted by your office in Los Angeles, California. You shall notify me of such acceptance."

Over defendant's objection Exhibit A was received in evidence.

Witness Renell further testified that payment was

overdue and had not been received. The plaintiff thereupon rested.

The defendant testified that a salesman for the plaintiff company had approached him and asked if he wanted to sell his store; that the salesman told the defendant he had a customer for the store and that if he wanted to sell it to sign the paper which is Exhibit A; that defendant signed the paper believing it to be a listing which required him to pay when the plaintiff sold the property.

At the conclusion of the evidence, the court found that the plaintiff had failed to prove a contract between the parties, holding that no acceptance, or notice thereof as required by the contract, had been established.

Ordinarily, in contract law notice of acceptance is not a requisite, but here it was expressly required by the terms of the instrument that the acceptance must be made and that there must be notification of such acceptance.

Illustrative of the law on this matter are the following cases:

*Brach v. Matteson,* 298 Ill. 387, 131 N.E. 804:

" * * * If the offer requires an acceptance to be made in writing, no other form of acceptance can be made. Page on Contracts (2d Ed.) § 185."

*Shortridge v. Ohio* (Mo.), 253 S.W. (2d) 838:

" 'Acceptance of an offer is an expression of assent to the terms thereof made by the offeree in a manner requested or authorized by the offeror.' Restatement, Contracts, Vol. 1, sec. 52, p. 58. Sec. 61 of the same Restatement reads: 'If an offer prescribes the place, time or manner of acceptance its terms in this respect must be complied with in order to create a contract. If an offer merely suggests a permitted place, time or manner of acceptance, another method of acceptance is not precluded.' In Hunt v. Jeffries, 236 Mo. App. 476, 484, 156 S.W. 2d 23, 27, the court said: 'The general rule * * * is stated in Lawson on Contracts, 3d Ed., Section 23, page

38, as follows: "The offerer has the right to prescribe the time, place, form or other condition of acceptance, in which case *the offer can be accepted only in the way prescribed by the offer.*' See Williston on Contracts, Rev. Ed., Vol. 1, sec. 76, p. 218. The text in 17 C.J.S., Contracts, §42, p. 381, reads in part as follows: 'An offer in writing need not be assented to by signing the offer, but may be accepted orally, unless the offer requires its acceptance to be in writing, in which case it must be thus accepted and a verbal acceptance is insufficient unless it is assented to by the offerer * * *.' "

*Barnes Cycle Co. v. Schofield* (Ga.), 36 S.E. 965:

"An instrument in the form of a contract between two parties, signed by one of them and by an agent of the other, with a clause reciting that 'this contract shall not be considered as binding upon the first party until approved in writing by' the second party, is only a proposal to contract, submitted by the party of the first part to the party of the second part."

The trial court was correct in its ruling and the judgment is affirmed.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.