|72   119|
|f112 340|

## SCOTT vs. MATHIS.

1. An action *quare clausum fregit* having been brought by a woman, she was competent to testify that her husband purchased the land upon which the trespass is alleged to have been committed from her father, although both of them were dead, neither of them being a party to the cause of action or issue on trial, and the whole controversy being between her and the person alleged to have committed the trespass.

2. If both plaintiff and defendant in an action of trespass claimed title to the land, and the defendant had the legal title thereto, he did not become a trespasser by taking possession.    For one to take possession of his own land is not a trespass, unless another has the right of possession thereof.

3. If one takes possession of land, honestly believing that it belongs to him, although he may be mistaken, the true owner could only recover actual damages from him.

4. The fact that one who does not own land has had it set apart as a

homestead, would give her no right as against the real owner, nor would she therefore be entitled to recover against him for entering and taking possession of the land.

5. A new trial should have been granted, not on the ground on which it was granted, but on other grounds.

December 4, 1883.

Witness. Evidence. Trespass. Damages. Actions. New Trial. Before B. D. Evans, Esq., Judge *pro hac vice.* Washington Superior Court. March Term, 1883.

Mrs. Martha Scott brought an action of trespass *quare clausum fregit* against Dr. A. Mathis. On the trial, it appeared that both sides claimed title to the land on which the trespass was alleged to have been committed. Mrs. Scott claimed that her husband had bought it from her father, and paid the purchase money, but had taken no deed, and that she had taken a homestead in it. Defendant claimed it under a purchase from the father and mother of plaintiff, and also under certain sheriff's deeds against her father, covering this land, the *fi. fa.* being one which was superior to his purchase from them. He testified that he did not know of the claim of plaintiff until after his purchase at sheriff's sale; that, learning of it then, he was advised by an attorney to re-levy on the part of the land in dispute, and did so ; but was subsequently advised by other attorneys that it had been sold once, and could not be sold again, and that he should take possession, which he did (as he testified) in good faith, and retained possession until evicted by plaintiff under a warrant for forcible entry and detainer.

The jury found for plaintiff $200.00. Defendant moved for a new trial, on the following, among other grounds :

(1.) to (5.) Because the verdict was contrary to law and evidence, and against the weight of the evidence.

(6.) Because the court admitted, over objection, testimony of the plaintiff to the effect that her husband, Jos. W. Scott, bought, in 1859, eighty acres of land from her father, John Elkins, and paid the latter for it, but took no

deed, which tract embraced the land in dispute, and that she claimed under her husband, who was dead.—The objection was that Elkins was dead.

(7.) Because the court refused the following charge : " If you find from the evidence that both the defendant and plaintiff claimed the land in dispute, when the alleged trespass was committed, then he is deemed in possession who has the legal title, and the other party is a trespasser." [The court charged that this principle applied only when both parties had deeds covering the disputed land, and each party was in possession of a part of the land covered by his deed; and in such a case, he is deemed in possession who has the paramount legal title.

(8.) Because the court refused to charge as follows : " So, if you find that both Mrs. Scott and Dr. Mathis claimed the possession of the land in dispute, at the time of the alleged trespass, then, if you find from the evidence that Dr. Mathis has the legal title paramount to the title of Mrs. Scott, then Dr. Mathis is no trespasser."

(9.) Because the court refused the following request : "Mrs Scott cannot recover upon her bare previous possession, unless she shows that Dr. Mathis was a wrong-doer and had no *prima facie* right to the possession of the land in dispute; but if you find Mrs. Scott had a lawfully acquired possession, and Dr. Mathis disturbed that possession, she can recover for any deprivation of that possession."

(10.) Because the court charged as follows: "When Mrs. Scott applied for her homestead, and notice of her application was duly published in terms of the law, then it was the duty of all persons interested to appear and object to its grant to her, and if they failed so to do, if they failed to appear before the court of ordinary and object thereto, the homestead so taken out gave her a legal right to possession, and she was not, so far as that possession was concerned, a trespasser, with a paramount legal title, was on Dr. Mathis, and she might maintain trespass, when that possession was disturbed, on her bare possession only."

(11.) Because the court charged as follows: " When Dr. Mathis found that the land in controversy was in dispute, and that Mrs. Scott claimed the same, he had no right to dismiss his levy, take the law into his own hands, and interfere with Mrs. Scott's possession, though he had the legal title to the land. Courts are established for the adjudication of disputed rights, and he ought to have submitted his claim to the court, and had it passed upon."

(12.) Because the court refused the following request: " If you find from the evidence that Dr. Mathis, when he took possession of this land, *bona fide* claimed the title thereto, and took possession thereof under an honest claim and belief that he owned the land, then you can find, if you find in favor of Mrs. Scott, only the actual damages done to her by Dr. Mathis's taking possession of the land."

(13.) Because the court charged as follows: " If you believe, when Dr. Mathis took possession of this land, he honestly thought he had title, and if you find that no person was in actual possession, then you can only give the plaintiff her actual damages. But if you find that Mrs. Scott was in possession, then Dr. Mathis is liable not only for the actual damages, such as tearing down the fences, etc., but he is liable for punitive damages, though he took possession under an honest belief that he had the title to this land and the right to enter, and it will be your duty to find for the plaintiff punitive damages for her injured feelings, and to deter further trespasses."

The court granted a new trial on the sixth ground of the motion. Both sides excepted—the plaintiff to the grant of the new trial; the defendant, because it was not granted on all the grounds.

H. D. D. TWIGGS; E. S. LANGMADE, by brief, for plaintiff in error.

J. K. HINES, by H. E. W. PALMER, for defendant.

BLANDFORD, Justice.

The plaintiff brought her action against the defendant for trespass *quare clausum fregit*, and a verdict was rendered for her; whereupon the defendant moved the court for a new trial, upon several grounds. The court granted the new trial, upon the sole ground that there had been error committed in allowing the plaintiff to testify that her husband, who was dead, had purchased the property (land), upon which the trespass is alleged to have been committed, from John Elkins, her father, who is also dead. The plaintiff excepted to this grant of a new trial on this ground, and assigns the same as error. The defendant brings his cross-bill of exceptions, assigning as error the refusal of the court to grant the new trial upon the other grounds in the motion.

1. We think the court erred in granting the new trial upon the ground on which he placed it. Mrs. Scott is a competent witness under the act of 1866, Code, §3854, unless she falls within some exception to that statute. She was allowed to testify what took place between her husband and father, they being dead, about the land mentioned. Neither the husband nor the father was a party to cause of action in issue or on trial in this case; the whole cause of action and matter in controversy was between the plaintiff, Mrs. Scott, and the defendant, Mathis, both of whom were alive; she was clearly a competent witness, and it was manifest error to have granted the new trial on this ground; and this judgment is reversed.

2. The defendant insists that the court committed error in refusing the new trial on other grounds mentioned in the motion. And we are satisfied that the refusal to charge as requested in the ninth ground of the motion was error; that if plaintiff and defendant both claimed the land, and if defendant had the legal title, he was not a trespasser. This request should have been given, under the facts of this case; if a person takes possession of his

own land, he is not a trespasser, unless the person in has the right of possession.

3, 4. It is unnecessary to review each ground of the motion for new trial separately, as nearly every ground is well taken. If Mathis was the owner of land, he was not liable to the plaintiff, as he had the clear right to take possession of the same, so that the manner of his doing this involved no breach of the peace. When Mathis took possession of this land, if he honestly believed the same belonged to him, and not to the plaintiff, although he may have been mistaken, and if the jury should so believe from the evidence, then the plaintiff could only recover actual damages. If the land in controversy belonged to Mathis, it would not authorize Mrs. Scott to recover damages for a trespass by Mathis on this land, because she had had the same exempted and set apart as a homestead to herself; she could acquire no right to this land under these circumstances, if Mathis really owned the land. The judgment refusing the new trial on the other grounds taken in the motion is likewise reversed.

It is ordered that the judgment complained of by the plaintiff in error in the original bill of exceptions be reversed, because, in the opinion of this court, Mrs. Scott is a competent witness. And it is further ordered that the decision and judgment of the court refusing the new trial upon other grounds in the motion, as complained by defendant in error in the cross-bill of exceptions, be also reversed for the reasons hereinbefore stated. And upon the whole, the judgment is affirmed.

Judgment affirmed.