## BALDWIN, executor, *v.* McLENDON.

ATKINSON, J. On June 6, 1924, A. J. Baldwin instituted an action against J. N. McLendon, to enjoin the cutting of timber on described land to which it was alleged plaintiff had title. The defendant's answer denied the plaintiff's title, but set up intention to cut timber under a lease executed by the plaintiff to a lessee under whom defendant claimed as assignee. The answer alleged that the consideration paid for the lease was $500. A copy of the lease was attached to the answer. It was dated May 3, 1916, and conferred the right to cut and remove specified timber from the land of designated sizes, for a term of eight years from the date of the instrument. It contained the clause: "It is further agreed that in the event the said party of the second part shall so desire, and the timber be not removed at the end of said lease, that by the payment of an annual rental on the lands, equal to an amount of 10% of the cash price received by the said party of the first part as a consideration of this lease, time may be extended annually for three years for the further removal of said timber." The answer further alleged that shortly before expiration of the term the defendant notified the plaintiff of his desire to exercise his right to extend the term as provided in the lease, and to pay the stipulated price for such extension; that plaintiff assented to the extension, and appointed a time within the term when he would return to defendant's place and receive the price for renewal, but did not do so; that defendant continued to make promises of similar import. until after expiration of the term; that defendant did not make actual tender of the money before expiration of the term, because he was lulled into security by plaintiff's promises, but was willing and able to do so, and shortly after expiration of the term made tender of the money, which was refused with the statement that the term had expired and plaintiff would not extend the lease. On a trial before a jury the evidence was conflicting relatively to plaintiff's alleged agreement to extend the term and as to having misled the defendant. A verdict was returned for the defendant. The plaintiff's motion for a new trial being overruled, he excepted. *Held:*

1. The defendant's claim of title under the lease executed by plaintiff was an admission of plaintiff's title, which, in connection with the further admission of an intention to cut and remove the timber, admitted a prima facie case. It was therefore erroneous to charge the jury that the burden of proof was upon the plaintiff.
2. As the evidence may not be the same on another trial, no ruling will be made as to sufficiency of the evidence to authorize the verdict.

<div align="center">

*Judgment reversed. All the Justices concur.*