## BALDWIN, executor, v. McLENDON.

1. The defendant in his answer having admitted a prima facie right of recovery on the part of the plaintiff for the reason that the defendant's claim of title under the lease executed by plaintiff was an admission of plaintiff's title, which, in connection with the further admission of the intention to cut and remove the timber, further admitted a prima facie case, it was error to instruct the jury "that the burden rests upon the plaintiff in this case to satisfy the jury of the truth of this case by a preponderance of the evidence."

2. Under the pleadings and the evidence in this case it was not reversible error to charge the jury that "should it appear from the evidence in this case that J. N. McLendon, on or before May 3, 1924, made a bona fide effort to exercise the option of extending the lease by the payment of the 10 per cent. of the purchase-price thereon, and that A. J. Baldwin by his conduct, or by the conduct of any one else acting for him, if you find any. one else acted for him, misled or deceived J. N. McLendon, so that the failure of J. N. McLendon to make this tender, or payment, before that time, if he failed to make a tender before that time, was not through any fault of his—that is not through J. N. McLendon's fault, but was due to the fault of Mr. Baldwin to mislead and evade, and intentionally prevent J. N. McLendon from making the tender on or before that date, and if you should find from the evidence in the case that Mr. McLendon either made the tender on or before May 3, 1924, or that he made a bona fide effort to make the tender, and that he was prevented from making the tender by the intentional act or conduct of A. J. Baldwin, if any, misleading or preventing him, then you should find for the defendant in this case."

3. In view of the errors pointed out in the first headnote, the court erred in overruling the motion for a new trial.

No. 5578.   June 23, 1927.

Equitable petition. Before Judge Yeomans. Terrell superior court. July 17, 1926.

*R. R. Marlin* and *W. H. Gurr,* for plaintiff.

*R. R. Jones,* for defendant.

Russell, C. J. Baldwin brought his petition against McLendon, alleging that he was the owner of a described tract of land in Terrell County, known as the "S. W. Cozart place," containing 333 acres, more or less, under deed from Mrs. S. V. Cannon of date November 1, 1906, conveying the premises to petitioner; that since receiving the deed he had been in open, notorious, exclusive, quiet, and peaceable possession of said tract of land; that recently the defendant McLendon undertook to negotiate with petitioner for

Logs and Logging, 38 C. J. p. 184, n. 49.
New Trial, 29 Cyc. p. 786, n. 87.

the timber which is on a portion of said land, but petitioner notified him he did not care to sell the timber, and declined to enter into any contract with him; but that nevertheless McLendon was about to enter possession of the premises and to cut certain described timber thereon. He prayed that McLendon be enjoined from cutting the timber. The case has hitherto appeared in this court, and all material facts are stated in *Baldwin* v. *McLendon,* 161 *Ga.* 636 (131 S. E. 361). When the case was here before, the judge of the lower court had charged, just as in the trial now under review, that the burden of proof was upon the plaintiff. This court then held: "The defendant's claim of title under the lease executed by plaintiff was an admission of plaintiff's title, which, in connection with the further admission of an intention to cut and remove the timber, admitted a prima facie case: It was therefore erroneous to charge the jury that the burden of proof was upon the plaintiff." Upon this single ground the case was sent back for another trial. We think the principle ruled was sound; but even if it can be conceded that such is not the case, it is nevertheless the law of this case.

2, 3. The second and third headnotes do not require elaboration.                *Judgment reversed. All the Justices concur.*

RUSSELL, C. J., specially concurring. In the present writ of error complaint is also made that the court charged the jury as follows: "I charge you, gentlemen, should it appear from the evidence in this case that J. N. McLendon, on or before May 3, 1924, made a bona fide effort to exercise the option of extending the lease by the payment of the 10 per cent. of the purchase-price thereon, and that A. J. Baldwin by his conduct, or by the conduct of any one else acting for him, if you find any one else acted for him, misled or deceived J. N. McLendon, so that the failure of J. N. McLendon to make this tender, or payment, before that time, if he failed to make a tender before that time, was not through any fault of his—that is not through J. N. McLendon's fault, but was due to the fault of Mr. Baldwin to mislead and evade, and intentionally prevent J. N. McLendon from making the tender on or before that date, and if you should find from the evidence in the case that Mr. McLendon either made the tender on or before May 3, 1924, or that he made a bona fide effort to make the tender, and that he was prevented from making the tender by the inten-

tional act or conduct of A. J. Baldwin, if any, in misleading or preventing him, then you should find for the defendant in this case." Plaintiff in error assigns error upon this instruction, upon two grounds: "1st. The matters therein recited by the court do not constitute a legal defense to the action. 2d. The charge was not adjusted to the facts, and amounted to an intimation of opinion as to what had been proved."

I am of the opinion that the first exception is well taken. The fact that McLendon may have made an effort to exercise the option of extending the lease on or before May 3, 1924, would not affect the pre-existing contract or the rights of Baldwin, the lessor. The contract, a copy of which is attached to the answer of the defendant McLendon, was made on May 3, 1916, and gave to McLendon's assignor the right to cut timber of certain named dimensions, except the pines growing without the swamp, and remove the same for eight years, or until May 3, 1924. It was further stipulated in the contract, that, if the timber which was sold was not removed at the end of the lease, by "the payment of an annual rental on the lands, equal to an amount of 10% of the cash price received by the said party of the first part as a consideration of this lease, time may be extended annually for three years for the further removal of said timber." It is thus perfectly plain that McLendon's right to cut timber as a transferee of the original contract expired by limitation on May 3, 1924, and his right to a renewal depended absolutely on the payment on or before May 3, 1924, of the sum of $50 (it being uncontradicted in the evidence that the purchase-price was $500). There is no testimony that he tendered or offered to tender the $50 to Baldwin. Though the evidence is conflicting in other respects as to what transpired between Baldwin and McLendon as relating to negotiations for the purchase of additional timber as well as with regard to the extension of the lease, McLendon does not testify that he in any way stressed the point or expressed a desire to protect his interest by reducing the agreement attributed to Baldwin to writing or having the same submitted in the presence of witnesses. In this view of the matter the conflict becomes immaterial. The contract specifically provides that the payment shall be made before the lease will be revived; and as the contract is in the nature of a sale of land, writing would be required to take it out of the

statute of frauds. The judge therefore erred in charging that McLendon by merely making a bona fide effort to exercise his option would be entitled to a verdict in his favor, if Baldwin or any one acting for him so "misled or deceived" him that the failure was not due to any fault of his. I also think that it is subject to the second objection, which would not have authorized the instruction even had the proposition been sound as a matter of law.

As I understand the doctrine of tender, it is the basis of certain specific rights valuable to the tenderer, while imposing specified legal liabilities upon the tenderee. These are set forth in various parts of our Civil Code. I am unwilling to hold that one who intends to make a tender, but for any reason declines to comply with the essential requirements which are necessary .to constitute a legal tender, should be permitted to obtain the benefits or to impose upon his antagonist the consequent burdens imposed by law. The rights which the law in any case accords a tenderer should be performed. An intention to tender should never be a substitute for an actual tender. Such a rule would introduce into the trial of a case foreign and extraneous issues which could not fail to becloud the real issues and confuse the jury. As it appears to me, there is no reason in this case (taking the testimony of the defendant in error in its strongest light) why the actual tender of the sum admitted to be due to extend the lease should not have been made. There is no evidence that any confidential relations existed between the parties, arising either from blood or from a course of dealings. There is no evidence that the agent of the plaintiff in error ever said more than that he would consider a change in the contract so as to include additional timber. To say that McLendon can be relieved from paying the sum he admits it was necessary to pay to extend the lease, or even to tender it, because Baldwin said that he would consider that when he came to .consider the question as to whether he would sell him additional timber, as the equivalent of an actual tender, would be to quite overlook the duty resting upon McLendon to pay or offer to pay the sum agreed upon as a prerequisite to the extension of the lease. The case is not similar to those instances where the necessity of tender is dispensed with because the tenderer is notified in positive terms by the tenderee that he will not accept the tender.