BALDWIN, executor, *v.* McLENDON.

*R. R. Marlin* and *W. H. Gurr,* for plaintiff.

*R. R. Jones,* for defendant.

HILL, J. A. J. Baldwin brought a petition against J. N. Mc-Lendon, praying for an injunction against the cutting and removing of timber from certain lands described in the petition. McLendon filed an answer admitting that the land belonged to the plaintiff, and that he intended to cut and remove the timber as alleged, by virtue of a lease made by Baldwin to Reynolds Brothers Lumber Company, which lease had been acquired by McLendon. Pending the litigation, but after the first trial of the case, A. J. Baldwin died, and his executor, W. A. Baldwin, was made a party plaintiff. Upon the trial McLendon admitted a prima facie case, and assumed the burden of proof. The jury returned a verdict in favor of the defendant. A motion for new trial was overruled, and the plaintiff excepted. The first appearance of this case in this court was in *Baldwin* v. *McLendon,* 161 *Ga.* 636 (131 S. E. 361), when this court held that it was erroneous to charge the jury that the burden of proof was upon the plaintiff, under the admissions made in defendant's answer. The second was in 164 *Ga.* 387 (138 S. E. 775), where the case was returned to the lower court for another trial, on account of a charge of the court. The case again appeared in 166 *Ga.* 794 (144 S. E. 271), the main question there involved being the competency of the defendant as a witness. For the fourth time the case is here on exceptions to the overruling of the motion for new trial.

The special ground of the motion for new trial is that the court erred in admitting, over the movant's objection, the following testimony of J. N. McLendon: "I paid $1250 for this lease, and the Kelley lease on the pine. The Kelley lease is a separate lease from this lease. It is not involved in this litigation. This lease represents about two thirds of the purchase-price." The objection was that the purchase-price paid for the timber included in the lease was in writing, and the writing would be the highest and best evidence. It is alleged that said testimony "was harmful to plaintiff, in the light of other parts of the record, in that it tended to exaggerate the value of defendant's equity in the Baldwin lease, indicating that he paid for it about $833.33. Paragraph 4 of de-

fendant's answer alleges that the original purchase-price of said lease paid to A. J. Baldwin by Reynolds Brothers Lumber Company was $500. A. J. Baldwin, on cross-examination, testified to the same effect. J. N. McLendon, on cross-examination, testified that Reynolds Brothers Lumber Company cut and moved off some of the timber. Lloyd Miller testified that Reynolds Brothers Lumber Company cut and moved off fully half of the timber upon the leased premises. There was no evidence of any increase or decrease in the market value of the timber; hence, if Baldwin sold it at its fair market value, it should not have cost McLendon more than about $250, instead of $833.33, all of which tends to illustrate the probable inaccuracy of his estimate of what he paid for this lease, thus making it appear to the jury that he had more money in it than he did have."

While it is true that any contract for sale of lands or any interest in or concerning them must be in writing (Civil Code of 1910, § 3222, par. 4), yet there is no question here as to the lease. The lease is admitted; and even if the lease had been offered in evidence, instead of the testimony excepted to, it would not have shown that the amount named by the witness was the amount paid by the witness for the Baldwin lease, for the reason that the evidence objected to tended to show that the amount paid for the lease was about two thirds of the amount stated by him, the other being "the Kelley lease on the pine. The Kelley lease is a separate lease from this lease." Therefore there was no higher evidence in the Baldwin lease to show what the consideration of the lease was. Besides, it appears from the record that the term of the lease had expired, and the defendant was seeking a renewal of the lease under its terms; and if the lease had expired, the presumption is that the consideration for it had been paid; and therefore we think that even if the Baldwin lease was admissible in lieu of the parol testimony given by the witness, it would not have any evidentiary value, for the reason already stated, that the consideration had been paid. We do not see how the admission of the evidence complained of could have hurt the plaintiff in error; and as there have been four verdicts for the defendant in error and the evidence in the present case authorized the verdict rendered, and the trial judge being satisfied therewith, we will not disturb his judgment in overruling the motion for new trial.

440

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

HINES, J., concurs in the result.