31111.   MIZELL *et al.* v. BYINGTON *et al.*

DECIDED JUNE 13, 1946.

*Myer Goldberg,* for plaintiffs in error.

*Stanford Arnold,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) The only questions here presented are whether the petition set out a cause of action against W. C. Byington, and whether it set out a cause of action against Laura E. Byington.

It is well settled that where a petition is attacked by a general demurrer, the demurrer admits as true all the facts set forth in the petition; and that the demurrer should be overruled if any part of the petition presents a cause of action against the named defendant. The instant petition, properly construed, presents an action in tort by the plaintiffs to recover damages resulting from their alleged unlawful, forcible and malicious eviction, by the defendants, from premises to which they, at the time of their eviction, had the right of possession. "A malicious and forcible eviction of the tenant by the landlord, although under a warrant to dispossess regularly issued, where the tenant has not breached the contract of rental and is entitled to possession of the rented premises, and this is known to the landlord, [and] where the tenant does not arrest the proceedings by counter-affidavit because of inability to give the required bond, and there has been no suit which terminated in favor of the tenant, constitutes a trespass against the tenant's right to possession, for which the tenant has a cause of action sounding in tort against the landlord. . . While the petition in this case, which is a suit by a tenant against the landlord to recover damages for a malicious and forcible eviction of the plaintiff by the defendant under a warrant to dispossess not resisted by counter-affidavit, in which it is alleged that the plaintiff had not violated the contract of rental but was entitled to remain in possession under the contract, may fail to allege a cause of action for a malicious use of process, in that it does not appear that the suit terminated favorably to the plaintiff,

nevertheless it alleges a cause of action for a trespass against the plaintiff's right of possession. The court, therefore, erred in dismissing the petition, on motion in the nature of a general demurrer." *Hall* v. *John Hancock Mut. Life Ins. Co., 50 Ga. App.* 625 (1, 3) (179 S. E. 183). "The bare right to possession of lands shall authorize their recovery by the owner of such right, and also damages for the withholding of the right." Code, § 105-1402. A petition, alleging rightful possession of land and illegal interference therewith, is good against a general demurrer. *Daniel* v. *Perkins Logging Co., 9 Ga. App.* 842 (72 S. E. 438). "The bare possession of land shall authorize the possessor to recover damages from any person who shall wrongfully, in any manner, interfere with such possession." Code, § 105-1403.

The defendants contend, however, that the petition is fatally defective because it fails to show any consideration for the right of the petitioners to possess the land in question. It is true that the above-quoted written instrument is silent as to any consideration, but the other facts and allegations of the petition supply that deficiency and show ample consideration for the grant by the defendants to the plaintiffs to occupy and live on the land. Where a written contract for any interest in lands fails to show the consideration therefor, the consideration may be shown by oral evidence. *Baldwin* v. *McLendon, 170 Ga.* 437 (1), 439 (153 S. E. 18).

In our opinion, the petition set out a cause of action against both defendants, and the court erred in dismissing it on the general demurrers.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*