20640. SHIVERS *v.* SHIVERS.

SUBMITTED SEPTEMBER 16, 1959—DECIDED NOVEMBER 4, 1959.

*T. Reuben Burnside,* for plaintiff in error.

*Stevens & Stevens,* contra.

HEAD, Justice. 1. Ground 1 of the amended motion for new trial assigns as error the refusal of the court to admit in evidence a former decree of divorce between the parties, wherein the wife was awarded permanent alimony in the sum of $125 per month. In paragraph 3 of the petition it was alleged that the parties had been previously married and divorced. In paragraph 13 of her answer the defendant alleged that, in the former divorce action, she was awarded alimony in the sum stated; that the plain-

tiff remarried her for the purpose of terminating the alimony decree; that he never intended for their marriage to be successful, but hoped that he would later get a divorce and would be relieved from paying alimony. It is contended that, since these allegations were not demurred to, the defendant was entitled to introduce the former decree which had attached thereto the agreement of the parties pertaining to alimony.

Facts or circumstances serving to elucidate or throw light upon the issue being tried constitute proper evidence in the case. *Georgia Savings Bank & Trust Co.* v. *Marshall,* 207 *Ga.* 314 (61 S. E. 2d 469). In the present case there was no evidence that the plaintiff remarried the defendant to terminate the alimony award or with the hope of escaping alimony in a subsequent divorce action, and the decree in the former case, standing alone, would not tend to establish such fact. Where the evidence offered does not tend to establish in any way the points in issue, it should be excluded. *H. B. Chaflin & Co.* v. *Briant,* 58 *Ga.* 414. The decree and agreement of the parties in the former divorce and alimony action were properly excluded.

2. Ground 2 of the amended motion for new trial assigns error on the following extract from the charge of the court: "Gentlemen, I charge you that counsel by agreement permitted the defendant's counsel to assume the burden of proof in this case and to submit her evidence first, and that that would authorize Mr. Burnside, the defendant's lawyer, to have the opening and concluding argument in this case. . . Gentlemen, I charge you that by admitting what we call in law a prima facie case, then the burden of proof was on Mr. Burnside, the counsel for the defendant in the case, Mrs. Shivers, to carry the burden of proof, because in law he had to admit a prima facie case, as we call it in law, before he would be entitled to the opening and conclusion because ordinarily the burden of proof is on the plaintiff. As I said, by agreement between themselves, which the court approved, Mr. Burnside assumed the burden of proof, and that made out a prima facie case for the plaintiff. Now, prima facie case, gentlemen, is a Latin term that we lawyers use and I suppose that there are some of you who will not understand exactly what it means. It means just simply this:

That without any proof submitted that the plaintiff would be entitled to a verdict if the defendant offered no proof. If it stopped right there, the plaintiff would be entitled to take a verdict against the defendant. . ."

Generally, the admission by the defendant of a prima facie case for the plaintiff relieves the plaintiff of establishing his contentions by a preponderance of the evidence. *Richter* v. *Kilpatrick*, 143 *Ga.* 470 (85 S. E. 319) ; *Baldwin* v. *McLendon*, 164 *Ga.* 387 (138 S. E. 775). The general rule does not apply in divorce cases. The allegations of the petition shall be established by evidence, "and the burden of proving such allegations rests upon the plaintiff." *Harmon* v. *Harmon*, 209 *Ga.* 474 (1a) (74 S. E. 2d 75).

The trial judge subsequently charged that it would be necessary for the plaintiff to prove by a preponderance of the evidence one of his grounds for divorce before he would be entitled thereto. The trial judge did not, however, correct the previous erroneous charge or withdraw it from consideration by the jury. "The jury can not be expected to select one part of a charge to the exclusion of another, nor to determine whether one part cures a previous error, without having their attention specially called thereto, and being instructed accordingly." *Gill* v. *Willingham*, 156. *Ga.* 728 (4) (120 S. E. 108).

3. In ground 3 error is assigned on the following charge: "Now, the defendant, on the other hand, gentlemen, is not contending for a divorce. She is contending for alimony on the ground, and I believe she had two grounds, too. She claims that her husband abandoned her, and she alleges that in her counterclaim, and she contends under the evidence that she is entitled to a divorce on the ground that her husband deserted her at a certain time and date, and the law requires that desertion shall continue for a period; and that is one of the grounds of divorce that I didn't read to you. I will go back and read it to you. 'Wilful and continued desertion by either of the parties for the term of one year.' So, before you would be authorized to find that Mrs. Shivers was entitled to alimony in this case, you would have to find that he deserted her, and you would have to find that by a preponderance of the evidence . . ."

This charge was erroneous and prejudicial to the defendant. After instructing the jury that the defendant was not contending for a divorce, it was said that "she contends under the evidence that she is entitled to a divorce on the ground that her husband deserted her at a certain time and date," and the jury was then instructed that desertion as a ground for divorce must continue for a period of one year. Code § 30-102 (7). In paragraph 3 of her answer, the defendant alleged that the plaintiff abandoned and deserted her on April 9, 1958, and the verdict of the jury was returned on January 22, 1959. Abandonment as a ground for alimony (Code § 30-210) is not required to continue for a specific period of time. The defendant prayed for temporary and permanent alimony. The court, by charging on the period of desertion of one year as a ground for divorce, may well have induced the jury to believe that the defendant could not recover alimony on the ground of abandonment since the abandonment alleged had not continued for one year.

4. In ground 4 error is assigned on the following charge: "So, if you should find: 'We, the jury, find in favor of the plaintiffs', that would mean just this: That the plaintiff is entitled to a divorce and that he is entitled to a permanent injunction against his wife enjoining her from ever entering on these premises again, and that his wife would not be entitled to any alimony."

The trial judge did not elsewhere in his charge instruct the jury as to the form of their verdict should they grant the plaintiff a divorce, and in doing so grant to the defendant alimony in such amount as the jury might determine to be proper under the evidence.

"Under the statutes of this State, when a husband obtains a divorce from his wife upon the ground of cruel treatment, it is for the jury to say whether they will allow the divorced wife permanent alimony." *Lowry v. Lowry,* 170 *Ga.* 349, 351 (153 S. E. 11, 70 A.L.R. 488) ; *Crenshaw v. Crenshaw,* 197 *Ga.* 767 (2) (30 S. E. 2d 480) ; *Corr v. Corr,* 213 *Ga.* 699, 701 (100 S. E. 2d 922). The charge given restricted the right of the wife to alimony to a verdict solely in her favor, and was error.

5. In ground 5 error is assigned on an extract from the charge pertaining to "the fears of a reasonable person." The "fears of

a reasonable man" under Code § 26-1012 are related to the question of justifiable homicide under Code § 26-1011, and the charge ·was inaccurate in this case, in that it limited the fears of a reasonable person to the commission of a felony on the person of the defendant. This charge was not germane to the issue on trial and should be omitted on a retrial of the cause.

The general grounds of the motion for new trial were specifically abandoned.

*Judgment reversed. All the Justices concur.*