40556.   VARELLAS et al. v. VARELLAS et al.

DECIDED MARCH 6, 1964.

*Platon P. Constantinides,* for plaintiffs in error.

*Kanes, Benator & Lambros, Nick G. Lambros, John Wesley Weekes,* contra.

JORDAN, Judge.   The plaintiffs' right to maintain this action in trespass was predicated under count 1 of the petition upon their alleged co-ownership of the premises in dispute and their exclusive possession of that part of said premises upon which the alleged trespass occurred.   The defendants in their answer denied that the plaintiffs were co-owners of the property, and the uncontradicted evidence adduced in support of their motion for summary judgment disclosed that legal title to said property was in the defendants alone and that the plaintiffs were not co-owners of the same.   The uncontradicted evidence also disclosed that at the time possession of the entire premises was taken by the defendants, the plaintiffs were "temporarily absent" from the property and had been so absent for approximately five months.

In view of this uncontradicted evidence, this case is controlled by the decision of the Supreme Court in *Scott v. Mathis,* 72 Ga. 119 (2), wherein it was held that where both plaintiff and defendant in an action of trespass claimed title to property, and the defendant had the legal title thereto, the defendant would not become a trespasser by taking possession since it is not a trespass for one to take possession of his own land unless the one in possession had the right of possession thereof.   The plaintiffs' right of possession of the disputed property was predicated upon their alleged co-ownership of the same and this allegation having been conclusively refuted by uncontradicted evidence of legal title in the defendants, and the plaintiffs not

having shown that the right of possession of the property otherwise existed in them, a finding was demanded under the authority of the *Smith* case, supra, that the defendants had committed no trespass, as alleged in count 1 of the petition, in taking possession of the property. Also applicable as authority, are the provisions of *Code* § 105-1405 which state, "Where two persons claim to have actual possession of the same land, he shall be deemed in possession who has the legal title, and the other is a trespasser"; and the case of *Clower v. Maynard,* 112 Ga. 340 (3) (37 SE 370), in which it was held, "One who is the owner of land and takes possession of the same while it is vacant, and thus prevents an intruder, who is temporarily absent, from re-entering thereon, is not liable to the intruder in damages on account of such entry on the land."

The plaintiffs in count 2 of the petition predicated their right to maintain this action in trespass upon the alleged violation by the defendants of a restraining order issued in a case pending in the Superior 'Court of DeKalb County between the same parties and involving the same property in dispute in this case. The purpose of a restraining order of the type involved here is to maintain the status quo between the parties pending the adjudication of the issues involved in the case in which said order is entered; it is "preliminary and preparatory" and does not purport to settle the issues between the parties involved. *Parker v. West View Cemetery Assn.,* 195 Ga. 237, 242 (24 SE2d 29); *National Bank of Augusta v. Printup Bros. & Co.,* 63 Ga. 570. The restraining order issued by the superior court did not constitute an adjudication of the respective rights of the parties in the matters in dispute in that case, whatever they might have been; and the alleged violation of said order by the defendants could not serve as the basis for a separate action in trespass by the plaintiffs against the defendants. Whether the action of the defendants would support a contempt citation is not in issue here.

The trial court did not err therefore in granting the defendants' motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*