## 42131. WHITEHEAD v. NIX.

Bell, Presiding Judge. Plaintiff brought this action in trespass to recover against the defendant landlord where defendant, under a dispossessory warrant, had forcibly evicted plaintiff, as tenant, from leased premises. See *Hall v. John Hancock Mut. Life Ins. Co.*, 50 Ga. App. 625 (1) (179 SE 183); *Yopp v. Johnson*, 51 Ga. App. 925 (1) (181 SE 596); *Mizell v. Byington*, 73 Ga. App. 872, 875 (38 SE2d 692). Defendant specially demurred to the petition for failure to incorporate in or attach to the petition a copy of the lease contract. Plaintiff's only contention argued on this appeal is that the trial court erred in sustaining this demurrer.

Since it is not a trespass if a person takes possession of his own land, the defendant would not be a trespasser unless plaintiff showed that he had the right of possession of the land. *Scott v. Mathis*, 72 Ga. 119, 123 (2); *Varellas v. Varellas*, 109 Ga. App. 279, 280 (136 SE2d 21). Thus, while bare possession ordinarily is sufficient to support an action for trespass (*Code* § 105-1403), where the petition shows the defendant to be owner of the land, it is incumbent upon the plaintiff to go further and show by appropriate averments the plaintiff's right of possession. Here, plaintiff's right of possession, and hence his right to recover, rested upon the lease contract. *Code* § 81-105 provides: "Copies of contracts . . . should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon." As plaintiff's recast petition was not sufficient in any of its allegations to show the substance of the lease contract, the trial court did not err in sustaining defendant's special demurrer.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

*Oze R. Horton,* for appellant.

*Webb, Parker & Ferguson, John Tye Ferguson, Guy Parker,* for appellee.