## BLACK *vs.* McBAIN.

A promise in writing, to pay the debt of a third person, is a good and valid promise, although no consideration appears under the Act of 19th January, 1852, that Act being unrepealed.

Complaint, in Sumter Superior Court. Tried before Judge ALLEN, at the October Term, 1860.

William A. Black instituted an action against Newnan McBain, to recover the sum of money mentioned in an agreement, of which the following is a copy, to-wit:

" Whereas, Wm. A. Green has hired, from Wm. A. Black,

Black *vs.* McBain.

a negro boy, Ike, and has not yet given any note for the hire of said negro: Now, I promise and agree, and hereby bind myself to pay to said Wm. A. Black, one hundred dollars, by the 25th of December next, for the hire of said negro.                                              N. McBAIN.

"18th of March, 1857."

On the trial of the case, the plaintiff introduced in evidence said written agreement, and proved that Green did hire, and enjoy the services of the negro, Ike, in the year 1857; that when Green hired the negro, he promised to give his note, with security, for one hundred dollars, but never did so.

The plaintiff here rested; and the presiding Judge, on motion, awarded a non-suit against the plaintiff, on the ground that the contract and promise of the defendant was void by the statute of frauds.

This judgment was excepted to by the plaintiff, and is the error alleged in the record in this case.

B. HILL for plaintiff in error.

McCAY & HAWKINS for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

Ought the Court to have awarded a non-suit in this case? We think not. The paper sued upon was the agreement in writing of the defendant to pay the debt of a third person, one Wm. A. Green. Such agreement, by the Act of 19th January, 1852, "is sufficient to maintain an action on the same, although no consideration may be expressed in the written agreement to do the same."—See Pam. Acts, p. 243. The Court below, in making this decision, was evidently misled by the compiler's marginal note, to an Act of February 16, 1856, Pam., page 240, entitled "An Act to repeal an act to alter, amend and explain section 4th of an act, entitled An Act for the prevention of frauds and perjuries": "*Be it enacted, etc.,* That the above recited act be, and the same is

VOL. XXXII 9.

hereby repealed." On the margin of this act the compiler makes this note: "Repeals Act of 19th January, 1852." That note was erroneous, for the Act did not repeal the Act of 19th January, 1852, but it did repeal the Act of February 20th, 1854, for this latter act is entitled "An Act to alter, amend, and explain section 4th of an act, entitled An Act for the prevention of frauds and perjuries," and that is just the title of the act repealed by the Act of February 16th, 1856. The Act of 19th January, 1852, is entitled "An Act to give a construction to the fourth section of the Statute of Frauds, so far as the same relates to a party defendant being chargeable, etc." This act, that of 19th January, 1852, is still of force, and unrepealed, and, of course, controls this case.

Judgment reversed.