## PEARCE & COMPANY *v.* STONE TOBACCO COMPANY.

A writing relied on to satisfy that provision of the statute of frauds, which requires a promise to pay the debt of another to be in writing, must either itself or in connection with other writings identify the debt which is the subject of the promise, without the aid of parol evidence.

Submitted March 3,—Decided May 16, 1906.

Complaint. Before Judge Humphreys. City court of Moultrie. June 2, 1905.

The R. T. Stone Tobacco Company sued M. C. Pearce & Company, a partnership. The petition alleges that the plaintiff sold and delivered to Bridges & Company certain articles of merchandise set forth in an account attached to the petition. After the sale the defendants purchased the stock of Bridges & Co., and agreed in writing to pay the said account, a copy of the writing being as follows:

"Crossland, Ga., 8/26/1903.

Mr. R. T. Stone Tob. Co., Stoneville, N. C.

Dear Sir: We have resome all responsible of J. F. Bridges & Co., and we are 50 lbs. short and yore Travelling man toled me he would correct it so we are fifty lbs. short. So give us credit with

the amount we are short and we will pay the rest.	Hope to heare
from you at once.	M. C. Pearce & Co."

The defendants are indebted to the plaintiff in the sum of
$79.10, upon the account, copy of which is attached to the petition,
and the account is long past due, and defendants refuse to pay
the same.	The account attached to the petition is in favor of the
plaintiff against Bridges & Co., embraces 200 pounds of tobacco at
forty cents per hundred, making $80, twenty pounds of tobacco for
which no charge is made, interest $3.10, and a deduction of $4 on
account of a five per cent. trade discount; making the total amount
claimed, principal and interest, $79.10.	The name of the defend-
ants nowhere appears in the account.	To this petition the defend-
ants filed a general demurrer, setting up that the petition set forth
no cause of action, that it showed no sufficient consideration to bind
the defendants, and does not allege facts sufficient to show any lia-
bility on the defendants.	This demurrer was overruled, and the de-
fendants excepted pendente lite.	An answer was filed, and the trial
resulted in a verdict in favor of the plaintiff.	A motion for a new
trial was overruled, and the defendants assign error upon this ruling
and upon the judgment overruling the demurrer.

*Shipp & Kline,* for plaintiffs in error.	*T. H. Parker,* contra.

COBB, P. J.	(After stating the foregoing facts.)	The right of
the plaintiff to recover depends upon whether the writing set forth
in the petition contains a sufficient promise on the part of the de-
fendants to pay the debt of Bridges & Co.	It is not contended that
the defendants would be liable to the plaintiff upon a contract for
goods sold and delivered, for the goods were not sold or delivered
to the defendants.	The claim is that the sale was made to Bridges
& Co., that they owed the debt, and that the defendants have as-
sumed the payment of the debt, and are therefore liable to the
plaintiff.	Whether there has been any assumption of the debt by
the defendants depends upon the proper construction to be placed
upon the writing; and if there is in the writing such an assumption,
the next question to be determined is whether the writing is a
sufficient compliance with the statute of frauds.	It would have
been within the power of the three parties to agree among them-
selves that Bridges & Co. should be discharged, and that liability
for the amount due by them should be assumed by the defendants;
and if this had been done, no writing would have been necessary.

*Palmetto Mfg. Co.* v. *Parker,* 123 *Ga.* 798; *Pfeiffer* v. *Hunt,* 75 *Ga.* 513. The plaintiff did not rely upon an arrangement like this. It relied upon the writing. Let the word "resome" be read "assume" (and it is conceded that this was the word intended to be used), the first part of the writing is simply a narrative by the defendants as to what has taken place between them and Bridges & Co., and contains no promise to pay to the plaintiff any amount whatever. There is in the words "we will pay the rest" a promise to pay. To pay what? The writing does not disclose. It is to be inferred that the defendants refuse to pay a portion of some debt and promise to pay the rest. The writing does not even say what the liability is for, but it is connected with some article which is sold by weight, for there is complaint of a shortage of fifty pounds. Fifty pounds of what? It is said that it is tobacco, but there is nothing in the writing to indicate that it is tobacco, or what is the character of the article. This writing is relied upon to satisfy a statute which declares that the promise to pay the debt of another must be in writing. Here is a promise to pay something, but there is no identification of the debt. Unless other evidence than this writing is introduced it would not furnish the basis of a recovery. Not only the promise to pay must be in writing, but the debt which the promise relates to must be identified in the writing. If the debt is not identified by the writing, or some other writing, then there has been no compliance with the statute of frauds. To allow parol evidence to be introduced to identify the debt which is to be paid would as effectually destroy the object of the statute as to allow parol evidence of the promise to be introduced. While the case of *Turner* v. *Lorillard Co.,* 100 *Ga.* 645, deals with the question whether, in a writing relied upon as a compliance with that portion of the statute of frauds in reference to the sale of goods, the price must be stated, the principle of that decision is controlling here. See also the numerous decisions of this court that the writing necessary to revive a debt barred by the statute of limitations must, without the aid of parol evidence, identify the debt to be revived. The plaintiff need only to have alleged in his petition that the defendants had agreed to pay the debt, and the presumption then would have been that he would prove it in the manner required by law, that is by a writing. *Ansley* v. *Hightower,* 120 *Ga.* 719 (3). But when the pleader saw proper to set forth in the petition the writing

relied on, if the writing was not sufficient to satisfy the statute the petition was demurrable. The writing relied on to satisfy the statute of frauds need not, under the law of this State, state the consideration. *Turner* v. *Lorillard Co.*, supra; *Black* v. *McBain, 32 Ga. 128; Davis* v. *Tift, 70 Ga. 52.* Whether it is necessary to allege the consideration, in declaring on the contract, the want of consideration being matter of defense, need not be determined in the present case. In *Black* v. *McBain*, supra, the consideration was neither alleged nor proved, and it was held that the writing was sufficient to satisfy the statute, and that the granting of a nonsuit was error.

*Judgment reversed. All the Justices concur.*