### 8197. FIELDS *v.* BULLINGTON.

BROYLES, P. J. 1. Under the facts disclosed by the record it does not appear that the court abused its discretion in refusing to grant a second continuance in the case.

2. Where A agrees orally to pay to B a debt which C owes to B, to take the transaction without the operation of the statute of frauds it must appear that A, B, and C—all three—concurred in this agreement. *Palmetto Manufacturing Co.* v. *Parker,* 123 *Ga.* 798 (51 S. E. 714). In the instant case the alleged oral agreement was made solely between the plaintiff and the defendant. The defendant promised to pay to the plaintiff the debt due to the plaintiff by a corporation, in which both of them were stockholders and officers. According to this agreement the defendant was to become by substitution the debtor in the place of the corporation. The evidence does not show, however, any official act of the corporation agreeing to this substitution, or that the plaintiff and the defendant had any authority to act for it in this transaction. A corporation can act only in a formal way through its proper officers, as duly authorized. *Monroe Mercantile Co.* v. *Arnold,* 108 *Ga.* 449 (34 S. E. 176); *Lowry Banking Co.* v. *Empire Lumber Co.,* 91 *Ga.* 624 (17 S. E. 968). Ordinarily the official acts of a corporation should be shown by the minutes or other records kept; but where no records are kept, oral evidence is admissible in their stead. *Childs* v. *Ponder,* 117 *Ga.* 553 (43 S. E. 986). In the case at bar there was no evidence or contention that the corporation itself had ever officially passed on this matter. The record does not show that the corporation was ever legally dissolved, under the provisions of the act of 1910 (Acts 1910, pp. 106 to 109), 2 Park's Ann. Code, §§ 2823 (b) to 2823 (g), inclusive. Under these facts the oral promise by the defendant to pay the plaintiff the debt owed to the latter by the corporation was clearly within the statute of frauds.

3. The writing relied on to satisfy that provision of the statute of frauds which requires the promise to pay the debt of another to be in writing must, either itself or in connection with other writings, identify the debt which is the subject of the promise, without the aid of parol evidence. *Pearce* v. *Stone Tobacco Co.,* 125 *Ga.* 444 (54 S. E. 103). The writing relied on in the instant case as a promise by the defendant to pay the debt of the corporation was therefore insufficient to prevent the provisions of the statute of frauds from applying, and the court erred in admitting it in evidence over the timely objections of the defendant.

4. The promise declared upon in the plaintiff's petition was the promise alleged to have been made on March 14, 1913; and upon the trial the undisputed evidence showed that this promise, if made, was an oral one and was made on the date alleged in the petition. The written agreement was signed on February 10, 1913, and was not declared upon or even mentioned in the petition. Under such circumstances the plaintiff could recover only on the promise declared upon, and the court erred in charging the jury, in substance, that if they found there was such a written agreement, they should find for the plaintiff.

5. The legal evidence in the case was not sufficient to authorize the veret for the plaintiff, and the court erred in refusing to grant a new trial.

6. These rulings are controlling in the case, and it is unnecessary to consider other assignments of error than those dealt with above.

Judgment reversed. *Jenkins and Bloodworth, JJ., concur.*

DECIDED MAY 11, 1917.

Complaint; from Turner superior court—Judge Cox. February 7, 1916.

*J. W. Haygood, Eldridge Cutts,* for plaintiff in error.

*Crum & Jones,* contra.