10756.· VAUGHN, administrator, *v.* CASTLEBERRY.

SMITH, J. 1. "All contemporaneous writings are admissible to explain each other; and parol evidence is admissible to explain all ambiguities, both latent and patent." Civil Code (1910), § 5789.

2. The contract in the instant case was ambiguous as to whether the lease of the building was included in the consideration of $1,500, for which the note and mortgage were given to the plaintiff, and the court did not err in admitting parol evidence to explain this ambiguity.

3. There was evidence to support the verdict, and the trial judge did not err in overruling the motion for a new trial.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED NOVEMBER 19, 1919.

Distraint; from city court of Americus—Judge Harper. June 28, 1919.

*Shipp & Sheppard,* for plaintiff in error.

*T. O. Marshall,* contra.

---

10783.  GIBSON & DEJOURNETTE *v.* GRAHAM.

SMITH, J.  Gibson & DeJournette sued S. L. Graham upon his written assumption of a debt due by King & Graham, a corporation; the writing relied upon as the basis of the suit being as follows: "Rome, Ga., June 20, 1918. Messrs. Gibson & DeJournette, Rome, Ga.  Gentlemen: In reference to the bill of King & Graham, following my conversation with your Mr. DeJournette, beg to advise I will be personally responsible for same and see it is paid by July 15th.  Very truly, [Signed] S. L. Graham."  At the conclusion of the evidence introduced in behalf of the plaintiff the court directed a verdict in favor of the defendant. *Held:*

1. "A writing relied on to satisfy that provision of the statute of frauds which requires a promise to pay the debt of another to be in writing must either itself or in connection with other writings identify the debt which is the subject of the promise, without the aid of parol evidence." *Pearce* v. *Stone Tobacco Co.,* 125 Ga. 444 (54 S. E. 103).  See also *Fields* v. *Bullington,* 20 Ga. App. 102 (3) (92 S. E. 653).

2. The writing relied upon in the instant case, as a promise by the defendant to pay the debt of the corporation, failing altogether to identify the indebtedness sued upon, and there being no other writing introduced in evidence to supply this defect, the court did not err in directing a verdict for the defendant.

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
> DECIDED NOVEMBER 19, 1919.

Complaint; from city court of Floyd county—Judge Nunnally. June 5, 1919.

*Wright Willingham, L. H. Covington,* for plaintiff.

*Denny & Wright,* for defendant.