20519. LITTLE *v.* WHITING, for use, etc.

DECIDED OCTOBER 7, 1930.

*E. R. King, H. A. Wilkinson,* for plaintiff in error.
*Zach Arnold, Lowrey Stone,* contra.

BLOODWORTH, J. G. A. Whiting, suing for the use of Peerless Bread Machine Company, brought an action against W. N. Little, and alleged in part as follows: That said W. N. Little is due petitioner the sum of $762.73 principal, besides interest and 15% attorney's fees on said principal and interest, by reason of the facts hereinafter shown and alleged. That on February 24, 1928, G. A. Whiting executed a conditional-sale contract with the Peerless Bread Machine Company, under which he purchased certain machinery and gave certain notes to the vendor; that under a subsequent written contract between the said G. A. Whiting and W. N. Little, the defendant W. N. Little, for and in consideration of the sum of $570.54, and the assumption of certain accounts, purchased from the said G. A. Whiting all his interest in a bakery described in the said contract, and, as part consideration of the sale, the said W. N. Little agreed to assume all outstanding obliga-

tions of said bakery, among which was specifically named "balance due the Peerless Bread Machine Company, $975"; that certain credits were made on said notes, which reduced the amount due thereon to $762.73. The suit was for this amount and in addition thereto fifteen per cent. attorney's fees as provided in the notes.

The defendant filed the following demurrer to the petition: "1. The allegations in the bill are insufficient, as the cause of action against defendant, and shows no right of action in the plaintiff, as alleged, for the amount sued. 2. The allegations in the bill shows no privity of contract between the plaintiff and the defendant, and further, that it is not in writing as required by the statute of frauds. 3. The allegations contained in paragraph 3, 6, and 7, are immaterial and improper, having no connection whatever with the cause of action relied upon. 4. The allegations contained in paragraph 9 do not authorize recovery in this action against attorney (defendant) of the attorney fees sued for. Said paragraph should be stricken." The court overruled the demurrer, and the defendant excepted.

To what is said in the headnotes we will add only the following: Section 3222 of the Civil Code of 1910 provides that "To make the following obligations binding on the promisor the promise must be in writing, signed by the party to be charged therewith or by some person by him lawfully authorized." Subsection 2 is as follows: "A promise to answer for the debt, default, or miscarriage of another." This section of the code provides in substance that before A can hold B liable for the debt of C, B must have promised in writing to pay the debt, and this writing must be signed by the party to be charged therewith or by some person by him lawfully authorized. The appellate courts of Georgia have held that the writing relied on must "either in itself or in connection with other writings identify the debt which is the subject of the promise, without the aid of parol evidence." *Pearce* v. *Stone Tobacco Co.,* 125 *Ga.* 444 (54 S. E. 103); *Gibson* v. *Graham,* 24 *Ga. App.* 496 (1) (101 S. E. 194); *Fields* v. *Bullington,* 20 *Ga. App.* 102 (3) (92 S. E. 653). The contract entered into between Whiting and Little on April 18, 1928, and *signed by both,* provides for the dissolution of the partnership between them, and provides that Little, in addition to a certain cash payment, "assumes all outstanding

obligations of said partnership," and among the "outstanding obligations" is named "Balance due Peerless Bread Machine Company, $975.00." This is the amount of the notes as stated in the sale contract hereinbefore referred to. The record shows that the partnership referred to in the dissolution agreement was a partnership to carry on a bakery at Fort Gaines; that the partnership was formed on February 24, 1928, and that the machinery was ordered on February 24, 1928, and was ordered shipped to "W. N. Little and G. A. Whiting, hereinafter called buyers." The point is made that Little assumed only the outstanding obligations of the partnership, and that the debt in controversy is the individual debt of G. A. Whiting. When all the facts are considered we are convinced that there is nothing in this contention. It also appears from the record that the debt is identified by the writing itself or in connection with other writings.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*