## 24616. GRAHAM v. NASH LOAN COMPANY.

DECIDED JULY 19, 1935.

*Columbus E. Alexander, Lawrence J. Dwyer,* for plaintiff in error.

*Hester & Clark,* contra.

GUERRY, J. The Nash Loan Company sued Mrs. Graham upon her alleged written assumption of a debt of M. J. Cavey, evidenced by note and bill of sale signed by M. J. Cavey and Marie Cavey. The writing relied upon as a basis of this suit is as follows: "Nash Loan Company, Savannah, Georgia, June 23, 1930. To whom it may concern: I, A. J. Garner, manager of the Nash Loan Company, have entered into the following agreement with Mrs. Graham: She is to be allowed to pay $10 in June and $10 in July, then $5 per month until the balance of the loan is paid. I agree to the above. [Signed] Mrs. L. V. Graham. Witness: A. J. Garner." Other allegations set up parol agreements. The writing, however, was the agreement sued on. The judge of the municipal court sustained the demurrer interposed by Mrs. Graham, and dismissed the suit. The judge of the superior court sustained a certiorari, and the defendant excepted.

1. The plaintiff in this case does not rely upon any purported parol agreement which would make the agreement an "original undertaking," as in the cases of *Daniel Sons & Palmer Co.* v. *Dickey,* 6 *Ga. App.* 548 (65 S. E. 301), and *Palmetto Mfg. Co.* v. *Parker,* 123 *Ga.* 798 (51 S. E. 714). Therefore, "A writing relied on to satisfy that provision of the statute of frauds which requires a promise to answer for the debt, default, or miscarriage of another to be in writing must either itself or in connection with other writings identify the debt which is the subject of the promise, without

the aid of parol evidence." *Pearce* v. *Stone Tobacco Co.*, 125 *Ga.* 444 (54 S. E. 103); *Gibson* v. *Graham*, 24 *Ga. App.* 496 (101 S. E. 194); *Fields* v. *Bullington*, 20 *Ga. App.* 102 (92 S. E. 653). "To be sufficient as a memorandum under the statute of frauds, a writing must be complete in itself, leaving nothing to rest in parol. The entire agreement must be expressed in the writing or writings relied upon to take the transaction out of the statute. The memorandum must disclose the subject-matter of the contract, the parties thereto, the promise or undertaking, and the terms and conditions." *F. & W. Grand Stores Inc.* v. *Eiseman*, 160 *Ga.* 321 (127 S. E. 872), and cit.

The amendment declares that the express agreement was in writing and that it was "to the extinguishment of the debt of M. J. Cavey to petitioner." The agreement attached contains no such declaration, and the contract is construed in the light of its own words, which are too vague and indefinite to be the basis of the cause of action. The plaintiff in its petition does not rely on a contract of substitution by the defendant for the original debtor; in which case no writing would have been necessary. It elects to rely on the writing which it alleges extinguishes the obligation of the original debtor, and, as said before, the contract attached does not do so. It will be further noted that the original note is signed by Marie Cavey as well as M. J. Cavey, and its possession is still retained by the plaintiff. The promise was within the statute of frauds, and the writing, without the aid of parol agreements, is insufficient to support a cause of action.

2. A notation made by the plaintiff on the writing evidencing the original debt, unless signed by the person sought to be bound, is not such a writing as will serve to connect the writing actually signed by the person alleged to be bound with the debt to be undertaken or assumed. Such a notation is in the nature of a self-serving declaration.

3. The judge of the superior court therefore erred in sustaining the certiorari.

*Judgment reversed. Broyles, C. J., concurs. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. The petition here alleges a contract whereby the defendant agreed to and did actually assume the debt of her father, M. J. Cavey, "to the extinguishment of the debt of

the said M. J. Cavey to petitioner." This was not a "promise to answer for the debt, default, or miscarriage of another," so as to bring the agreement within the statute of frauds and make it necessary that the agreement be in writing. The provision of the statute of frauds which requires that the promise to answer for the debt, default, or miscarriage of another must be in writing in order to bind the promisor does not include an original undertaking whereby a new promisor, for a valuable consideration, substitutes himself as the party who is to perform, and the original promisor is thereby *released*. See *Williams* v. *Garrison*, 21 *Ga. App.* 44 (93 S. E. 510); *Evans* v. *Griffin,* 1 *Ga. App.* 327 (57 S. E. 921); *Daniel Sons & Palmer Co.* v. *Dickey,* 6 *Ga. App.* 548 (supra); *Harris* v. *Paulk,* 10 *Ga. App.* 334 (73 S. E. 430); *Holcomb* v. *Mashburn,* 10 *Ga. App.* 781 (74 S. E. 307); *Hicks* v. *Walker,* 17 *Ga. App.* 391 (87 S. E. 152); *Ferst's Sons & Co.* v. *Bank of Waycross,* 111 *Ga.* 229 (36 S. E. 773); *Foote* v. *Reece,* 17 *Ga. App.* 799 (88 S. E. 689); *Jones* v. *White,* 19 *Ga. App.* 456 (91 S. E. 793). Plaintiff alleges an agreement to pay, and it was not necessary that the agreement be in writing. Therefore, plaintiff could by parol evidence show that the writing attached was made with reference to the debt of M. J. Cavey. It is further alleged that all three of the parties agreed to the contract. The exhibit attached shows plainly that M. J. Cavey was released by the creditor, and interest waived, and the "lien on property" was "void." The petition sets out a good cause of action.