37679. EBNER *et al. v.* GULF OIL CORPORATION.

TOWNSEND, Judge. The Gulf Oil Corporation filed suit in the Civil Court of Fulton County alleging that the defendant Rebuilders, Inc., was indebted to it in a stated sum for petroleum products purchased from the plaintiff and that the defendants Louis Smith and Stanley D. Ebner were liable in the same amount because of an instrument which they executed to the plaintiff obligating themselves to pay any sums which Rebuilders, Inc., failed to pay the plaintiff at maturity. These defendants interposed a motion to dismiss in the trial court in the nature of a general demurrer to the petition contending that the petition neither in whole nor in part sets forth any cause of action against either or both of them jointly or severally. The judge of the trial court denied this motion and this judgment is assigned as error.

1. The brief of counsel for the plaintiffs in error discloses that the motion to dismiss was predicated on the proposition that the contract executed by them and upon which the action of the plaintiff as to them was based is a contract of guaranty and not of suretyship, and that accordingly, under the authority of *Pelham* v. *Rawleigh Co.*, 33 *Ga. App.* 356 (2) (126 S. E. 302), they cannot be joined with the principal debtor, Rebuilders, Inc., in an action for the debt. Recognizing that under the authority of *Musgrove* v. *Luther Publishing Co.*, 5 *Ga. App.* 279 (63 S. E. 52), *Stanfield* v. *McConnon & Co.*, 25 *Ga. App.* 226 (102 S. E. 908), and like cases it is well settled that joinder of the guarantors with the principal debtor in a single action is improper, there is in this case a misjoinder of parties defendant since the principal debtor and the two plaintiffs in error herein are joined in a single action, provided the contract is one of guaranty and is not one of suretyship. However, the motion to dismiss in the nature of a general demurrer is predicated solely upon the proposition that the petition fails to state a cause of action against either or both of the plaintiffs in error, jointly or severally, and is not predicated upon the proposition that there is a misjoinder of parties defendant. Persons not jointly liable and who cannot be joined in a single action must, in order to prevent a valid judgment from being entered up against them notwithstanding this defect, raise the question of misjoinder by a timely special plea or special demurrer. *Central of Georgia*

*Ry. Co.* v. *Banks & Fortson,* 128 *Ga.* 785 (58 S. E. 352); *Willingham, Wright & Covington* v. *Glover,* 28 *Ga. App.* 394 (1, 2) (111 S. E. 206). This defense not being specially pleaded in this case and the issue of law not being one which can be reached by general demurrer, the trial court properly overruled the general demurrer because as against general demurrer or motion to dismiss in the nature of a general demurrer the petition does state a cause of action against the plaintiffs in error herein. This court recognizes that the contrary was held in *Pelham* v. *Rawleigh Co.,* 33 *Ga. App.* 356, supra. However, the issue of law in that case had to be misjoinder of parties because the petition in that case stated a cause of action against each of the defendants, the only defect being that they were joined together in a single suit in an action where defendants may not, when properly defended, be so joined. That case is therefore disapproved because this court is bound by the older Court of Appeals cases and the Supreme Court cases, supra, to the effect that general demurrer does not raise the question of misjoinder of parties or causes of action.

It follows that there is no necessity to decide in this case whether the contract was one of guaranty or suretyship. If the latter, the principal and sureties could properly be joined in the same action. If the former, the question of misjoinder was not raised, as it must be, by a demurrer or plea filed at the first term and specifically pointing out this defect. The judgment of the trial court denying the motion to dismiss in the nature of a general demurrer is without error.

2. Where as here the liability of the guarantors depends upon the failure of the original debtor to pay the debt at maturity and not merely on the insolvency of the original debtor, it is not necessary that such debtor be sued to judgment before a suit may be initiated against the guarantors. *Kalmon* v. *Scarboro,* 11 *Ga. App.* 547 (75 S. E. 846).

3. A contract of guaranty is not without consideration so as to be unenforceable although the only consideration is the extension of credit to the debtor, where, on the faith of the contract, such credit is actually subsequently extended according to the terms of the contract. *General Finance Corp.* v. *Welborn,* 98 *Ga. App.* 280, 284 (105 S. E. 2d 386), and citations; *Baggs* v. *Funderburke,* 11 *Ga. App.* 173, 174 (74 S. E. 937).

588

4. While a contract unlimited as to time and amount, may be, as to its executory provisions, unenforceable, it is, as to amounts or goods actually advanced within a reasonable time and of such a nature as to be reasonably within the purview of the agreement, a valid bilateral agreement enforceable according to its terms. That there may be guaranty contracts indefinite both as to amount and time of performance, see *Brown Grocery Co.* v. *Planters Bank of Americus,* 18 *Ga. App.* 429 (1) (89 S. E. 523); *Sanders* v. *Echerson,* 36 *Ga.* 404. The contract here was not void because it did not specifically appear what the amount of credit which the obligors authorized to be extended to the debtor was, nor the exact time during which such credit was to be extended.

The issues of law raised in the brief of counsel for the plaintiffs in error in divisions 2, 3 and 4 hereof apply only as to contracts of guaranty, but if this should be a contract of suretyship, they would likewise constitute no defense to the action.

The trial court did not err in denying the motion to dismiss the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 18, 1959.

*Sidney I. Rose,* for plaintiffs in error.
*Howard & Harp, Robert W. Storey,* contra.