42880. PENDLEY v. STEWART et al.

ARGUED JUNE 8, 1967—DECIDED SEPTEMBER 8, 1967—
REHEARING DENIED SEPTEMBER 19, 1967.

328

*P. C. King, Jr.,* for appellant.

*Spearman, Bynum & Goodwin, W. L. Spearman,* for appellees.

JORDAN, Presiding Judge. 1. The appellant asserts by his third enumerated error that the trial court erred in its order dated February 22, 1967, requiring the plaintiffs to make Mid-South Enterprises, Inc., a party defendant, as the corporation should be a party plaintiff. The record discloses the defendant Pendley demurred specially to the original petition on the basis of the nonjoinder of Mid-South as a necessary party, giving as the reason therefor the alleged facts in the petition showing that Mid-South was a party to the original contract with Daniel. In the order of February 22, 1967, the trial judge, based on a consideration of the demurrers, allowed the plaintiffs one day to add Mid-South as a party defendant, and when the plaintiffs tendered such an amendment issued a rule nisi to the parties and Mid-South to show cause why Mid-South should not be added. It is thus evident from the record that the ultimate addition of Mid-South as a party defendant was induced by the effort of the defendant Pendley to bring Mid-South into the action, and

that he complains only because Mid-South is a party defendant instead of a party plaintiff. A special demurrer, being itself a critic, must be perfect, and the demurrer of the defendant Pendley, whereby he seeks to show that Mid-South is a necessary party by reason of the allegations of the petition, ignores those allegations which purport to establish the plaintiffs as legitimate successors to the rights of the corporation in respect to any claims against Pendley. As a special demurrer it affords no basis for bringing Mid-South into the action as a party plaintiff or defendant. Faced with the fact that Mid-South is a party defendant, even if the addition of this party to the action were not self-induced by the defendant Pendley, it would seem that one defendant cannot demur on the premise that he is improperly joined with another defendant who does not object. See *Warthen v. Brantley*, 5 Ga. 571. Misjoinder or nonjoinder may be a defect which is self-evident from the petition and thus afford a basis for demurrer. *Code* § 81-304. But any other pleading which attempts to reach such a defect must be treated as a dilatory plea, and is defective as such unless verified on oath. See *Code Ann.* § 81-403; *Macon & Western R. Co. v. Davis*, 27 Ga. 113. The third enumerated error is without merit.

2. The appellant asserts by his second enumerated error that the trial court erred in its order of April 6, 1967, and contends that in this order the court should have sustained his demurrers and dismissed the petition. It is evident from the language of the order that the trial judge was sustaining certain demurrers to the extent of requiring the plaintiffs to amend their petition within a specified time limit, after which he would give further consideration to the pleadings. The ruling was adverse to the defendant Pendley only to the extent that it involved the implicit recognition that the petition contained enough to amend by, and in that respect the petition was clearly sufficient. There is no merit in this enumeration of error.

3. The appellant asserts in his fourth enumerated error that the trial court erred on April 12, 1967, in allowing an amendment to the petition showing that on September 12, 1964, the plaintiffs guaranteed the payment of an obligation of Mid-South to General Electric Credit Corporation, an obligation which did not

arise until a contract was executed between Mid-South and General Electric Credit Corporation, which contract is dated September 17, 1964. The exact terms and conditions of the guaranty are not shown, but it does appear that the balance due by Mid-South was $3,994.72, and that the plaintiffs as guarantors, obtained a release upon payment of $1,500, which they seek to recover, plus $50 paid to an attorney to negotiate the settlement. The mere fact that the guarantors agreed to pay a debt which did not come into being as evidenced by a contract apparently executed five days after execution of the contract of guaranty would not vitiate the guaranty, for it is clear that one can execute a contract of guaranty making himself liable for future debts to be incurred by another. See *Frank & Co. v. Nathan*, 159 Ga. 202 (2) (125 SE 66); *General Finance Corp. v. Welborn*, 98 Ga. App. 280, 284 (105 SE2d 386); *Ebner v. Gulf Oil Corp.*, 99 Ga. App. 586 (3, 4) (109 SE2d 81); *Woods v. Universal C. I. T. Credit Corp.*, 110 Ga. App. 394, 397 (138 SE2d 593). There is no merit in the fourth enumerated error.

4. Finally we reach the first enumerated error, wherein the defendant Pendley asserts that the trial judge erred in his final order of April 12, 1967, overruling all grounds of demurrer. The petition plainly and clearly sets forth a cause of action by the plaintiffs against Pendley showing right to recover for losses occasioned by his default in meeting the obligations of his contract with Mid-South, and the grounds of special demurrer are without merit.

*Judgment affirmed. Deen and Quillian, JJ., concur.*