## 52925. CALDWELL v. ROGERS et al.

CLARK, Judge.

The single question in this appeal by plaintiff below from grant of a summary judgment to two of four defendants (the other two did not contest plaintiff's claim), revolves around the Statute of Frauds. Did the language in an agreement made to form a partnership between the defendant-appellee and the sole stockholder of the corporation which incurred the obligation to plaintiff satisfy the legal requirement to enable plaintiff to recover thereon as valid a promise to answer for the debt of another?

H. W. Caldwell, sued Warren G. Rogers, individually, Warren G. Rogers, Inc. (the corporate debtor which had incurred the original obligation to plaintiff), J. L. Christian, individually, and Christian and Rogers, a partnership composed of the two individual defendants. The complaint alleged plaintiff was employed by the incorporated defendant to supervise the construction and development of certain houses from August 10, 1970 until January 13, 1972 for a salary of $1,000 per month; that plaintiff fully performed the services but was not paid; that the two individual defendants, as well as the defendant partnership, Rogers and Christian, assumed responsibility for $16,000 of the incorporated defendant's indebtedness by virtue of articles of partnership which were executed by Rogers and Christian at the time they formed the partnership of "Christian and Rogers."

Defendant Christian, individually, and the defendant partnership, denied the material allegations of the complaint. Furthermore, these two defendants set forth various affirmative defenses, including the Statute of Frauds. Co-defendants Rogers and Warren G. Rogers, Inc. did not answer the complaint and went into default. Thereafter, the partnership and Christian moved for summary judgment. The trial court granted the motion based upon the Statute of Frauds defense. Plaintiff has appealed.

1. In order to be binding on the promisor, a promise to answer for the debt, default or miscarriage of another

must be in writing and signed by the party to be charged. Code § 20-401. Our courts have held that the writing relied upon must "either in itself or in connection with other writings identify the debt which is the subject of the promise, without the aid of parol evidence." *Pearce & Co. v. Stone Tobacco Co.,* 125 Ga. 444 (54 SE 103).

The partnership agreement in question was executed by Christian and Rogers (individually and as sole stockholder of Warren G. Rogers, Inc.). Paragraph 17 of the partnership agreement states that the partnership shall assume certain debts, and that the debts shall be paid "as they become due." These were itemized as to two named banks, a mortgage company and three named individuals, plus "1971 property taxes," "payroll taxes," "checks outstanding," and "unsecured creditors." A sum was stated opposite each designation. The final item read "H. W. Caldwell $16,000." This paragraph recited that these debts were "as a result of the purchase and development of the property [that was to be the subject of the partnership's business] prior to this date."

"In order to bind the promisor, the written promise of one who undertakes to pay the debt of another must contain a clear statement of the agreement, indicate knowledge of the amount promised to be paid, and show who is the promisee as well as the promisor." *Johnson v. Rycroft,* 4 Ga. App. 547 2(a) (61 SE 1052). Furthermore, the terms of a promise to assume a debt of another cannot be established by parol. *Johnson v. Rycroft,* supra.

Although the partnership agreement indicates knowledge of the amount and party to be paid, it does not set forth the time at which the debt becomes due. Accordingly, the writing is not complete within itself; it fails to satisfy the Statute of Frauds. *F & W Grand &c. Stores, Inc. v. Eiseman,* 160 Ga. 321 (127 SE 872); *Graham v. Nash Loan Co.,* 51 Ga. App. 521 (181 SE 105). Compare *Little v. Whiting,* 42 Ga. App. 146 (155 SE 345).

2. The trial court did not err in granting the motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED OCTOBER 7, 1976 — DECIDED OCTOBER 27, 1976.

*Richard L. Parker,* for appellant.
*Hansell, Post, Brandon & Dorsey, Jefferson D. Kirby, III, Richard M. Kirby,* for appellees.