## 57904. MODULE MOBILE, INC. v. FULTON NATIONAL BANK.

Birdsong, Judge.

Appellant Module Mobile, Inc. sold a modular building to a married couple named Brand. The Brands executed an installment note with a security interest in favor of the lender issued by Fulton National Bank. The president of the appellant lived in the north side of Atlanta and did the corporate banking business primarily with the Dunwoody branch of appellee bank. The president wishing to sell the modular unit to the Brands for use in south Atlanta approached the bank for financing of the purchase price. The bank did not know the Brands and considered them to be an unsecure credit risk. The loan committee required the corporate president to act as guarantor of the Brands' note. When he declined to do so, the bank accepted a "repurchase agreement." The contents of that agreement are as follows: "October 24, 1974. Repurchase Agreement. Fulton National Bank, Atlanta, Georgia. Attn: Mr. Joe Norton. Dear Joe, This letter verifies the fact that Module Mobile, Inc. will repurchase the note on Mr. Charles and Helen Brand, any time this note becomes in default. Thank you again for your courtesy in this matter. Sincerely, David H. Bernstein, Module Mobile, Inc., President." Joe Norton testified as to the negotiations leading up to the loan advanced to the Brands and identified the installment note and accompanying documents dated a day later on

October 25, 1974. Though the evidence was in dispute, Norton testified that the bank would not have accepted the loan agreement with the Brands in the absence of the repurchase agreement. After the execution of the note, the Brands defaulted on the note. The bank accelerated the note. The bank, having determined that the Brands did not have sufficient assets to satisfy the indebtedness, approached Module Mobile to honor its repurchase agreement. It was further developed at trial that the modular unit on the site which was erected by the Brands could not be proven to be the same unit described in the installment note because the unit on site did not have a verifiable identification number which could be linked to the identification number shown on the installment note. After a jury trial, the jury returned a verdict for the bank in the amount of the unpaid balance plus interest. This verdict was made the judgment of the court. Appellant Module Mobile, Inc. brings this appeal enumerating five alleged errors. *Held:*

1. Enumerations 2, 3, and 4 deal with charges given or not given by the trial court and specifically relate to the Statute of Frauds. Enumeration 1 argues that the trial court erred in denying a motion for judgment n.o.v. or a new trial based upon the same premise. If appellant is correct that the repurchase agreement cannot survive the Statute of Frauds, then these enumerations of error are meritorious. On the other hand, if the document can meet the strictures of the Statute of Frauds, then these enumerations must fail.

Succinctly stated, appellant argues that to be sufficient as a memorandum under the Statute of Frauds, a writing must be complete in itself, leaving nothing to rest in parol, or in other words, oral evidence. The entire agreement must be expressed in the writing relied upon to take the transaction out of the Statute of Frauds. The memorandum must disclose the subject matter of the contract, the parties thereto, the promise or undertaking, and the terms and conditions. *Graham v. Nash Loan Co.,* 51 Ga. App. 521 (181 SE 105).

Appellant argues that it took the testimony of employees of the bank to connect the repurchase agreement and the security instrument signed by the

Brands. That argument continues that the terms of the agreement, amount of the indebtedness and all other salient parts of the agreement are not disclosed but must be established by parol evidence.

The argument advanced by appellant does not contain a complete statement of the applicable law. It is only where parol evidence is required and no other written or documentary evidence is available to establish the terms of the agreement that the Statute of Frauds comes into play. If the undertaking sued upon refers to another writing which can be identified by reference, then the two writings may constitute a compliance with the Statute of Frauds. The true raison d'etre for the Statute of Frauds is to preclude the admission of parol evidence to vary, modify or contradict an otherwise clear agreement. *Pryor v. Ludden & Bates Southern Music House,* 134 Ga. 288 (67 SE 654). However, the rule does not apply in cases where the instrument merely shows incompleteness on its face; under these circumstances, extrinsic evidence is allowed to establish other agreements referable to the incompleteness when not inharmonious with the basic writing. *Pryor v. Ludden & Bates,* supra, p. 291.

In this case, the trial court was faced with a document dated October 24, 1974, signed by appellant's president and agreeing to repurchase the note of Charles and Helen Brand whenever that note came into default. The subject matter of the agreement was manifest, i.e., the note of Charles and Helen Brand. The parties to the agreement were stated, i.e., Module Mobile and the bank; the promise was clearly stated, i.e., to repurchase the note whenever it might come into default; and the party to be charged signed the agreement, i.e., Module Mobile, Inc.

If the writing in question refers to other writings which can be identified by this reference without the aid of parol evidence, then the two writings can constitute a compliance with the statute. *Turner v. Lorillard Co.,* 100 Ga. 645 (28 SE 383); *North & Co. v. Mendel & Bro.,* 73 Ga. 400. Appellee, plaintiff below, introduced into evidence the installment note executed by the Brands, dated October 25, 1974. The contract between the Brands and the bank showed that the note related to a DeLuxe Diner-Mobile and that the proceeds were to be paid to

Module Mobile. The note showed the exact amount of the note, the amount of the installment payments, the right of acceleration, and all other details of the indebtedness. We do not view the evidence in the transcript as supplying missing information so as to modify, vary, or contradict the repurchase agreement. On the contrary, disregarding the testimony of the bank's employees showing the connection between the installment note and the repurchase agreement, the jury in the exercise of common sense could see the logical connection between the installment note signed by the Brands to purchase a modular building from Module Mobile dated October 25, 1974 and an agreement by Module Mobile to repurchase the installment note executed by the Brands should that note come into default. We conclude that the trial court correctly determined that the Statute of Frauds did not apply to the repurchase agreement. The requested charge did not state principles that were legal, apt, and properly adjusted to the evidence involved in the case. Thus, the requested charge was not authorized by the evidence and was properly refused. *Seaboard C. L. R. Co. v. Thomas,* 229 Ga. 301 (190 SE2d 898); *McRae v. State,* 145 Ga. App. 122 (243 SE2d 110). Furthermore, because the Statute of Frauds did not curtail consideration of the repurchase agreement, it was not error for the court to charge on the principles of contemporaneous documents and surrounding circumstances. The enumerations of error dealing with the charge of the court are without merit. Likewise, the enumeration concerned with the refusal to grant a judgment n.o.v , or in the alternative, a new trial based upon the same grounds is without merit.

2. In its last enumeration of error, Module Mobile complains that the trial court erred in allowing a bank investigator to testify that the modular unit on site and placed thereon by the Brands was not the same unit described in the installment note on the ground that this was a baseless conclusion and should have been excluded. The bone of contention here is that the bank did not foreclose on the property notwithstanding the property had a greater value than the amount of the installment note simply because the bank could not identify the unit as being the one in the installment note. Though the

witness did initially state that the unit was not the same, it subsequently was fully developed that no serial number could be found and that proof was not available to show that the unit was the same one described in the installment note. The jury clearly was informed that the witness could not establish the identity of the trailer one way or another. We find no prejudice to appellant under this state of the evidence. This enumeration lacks merit. See *Allen v. State,* 137 Ga. App. 755, 756 (224 SE2d 834).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED MAY 10, 1979 — DECIDED JUNE 26, 1979 — REHEARING DENIED JULY 18, 1979.

*Scheer & Elsner, Robert A. Elsner,* for appellant.
*Macey & Zusmann, Dennis M. Hall,* for appellee.