## 68659. SCHROEDER v. HUNTER DOUGLAS, INC.
(324 SE2d 746)

CARLEY, Judge.

Appellee Hunter Douglas, Inc. brought an action on open account against Superior Discount Materials Corporation (Superior) and its president, appellant Schroeder. Appellee sought to recover the balance due for goods sold and delivered to Superior. Appellee asserted that appellant was individually liable for Superior's debt pursuant to an alleged guaranty agreement, and that he was also liable as the corporation's alter ego. Following a jury trial, judgment was entered in favor of appellee. Appellant appeals from the denial of his motion for

a new trial.

1. Contrary to appellant's assertion on appeal, the State Court of Fulton County had subject matter jurisdiction of the present case. The remedy sought by appellee was at law, not in equity. See Ga. Const. 1983, Art. VI, Sec. III, Par. I; *Williams Plaza v. Sedgefield Sportswear Div.*, 164 Ga. App. 720 (297 SE2d 342) (1982).

2. Appellant enumerates as error the denial of his motion in limine to exclude a certain guaranty agreement from evidence. He asserts that the agreement was unenforceable under the Statute of Frauds.

The evidence shows the following: Crown Aluminum Industries (Crown) manufactured and sold aluminum products. In 1977, Crown was acquired by appellee Hunter Douglas, Inc. Superior was incorporated in 1976, for the sole purpose of acting as the buying agent for Delta Discount Corporation. Appellant Schroeder was president of both Superior and Delta Discount Corporation. During the course of business, Crown extended credit to Superior for its purchase of aluminum products. Subsequently, the following guaranty agreement was executed: "To: CROWN ALUMINUM INDUSTRIES[.] FROM: DELTA DISCOUNT[.] I, Vern Schroeder of Delta Discount, guaranty payment of any and all materials billed to Superior Discount Material Corporation. [Signed] Vern Schroeder." Appellant asserts that this guaranty agreement is unenforceable under the Statute of Frauds because the amount owed by Superior and the terms of payment are absent from the document.

A promise to answer for the debt of another, to be binding on the promisor, must be in writing and signed by the party to be charged therewith. OCGA § 13-5-30 (2). Our courts have held that in order to satisfy the Statute of Frauds, the writing relied upon as a guaranty must, either in itself or in connection with other writings, identify the debt which is the subject of the promise, indicate knowledge of both the amount promised to be paid and the time the debt becomes due, and show who is the promisee as well as the promisor. *Caldwell v. Rogers*, 140 Ga. App. 231 (1) (230 SE2d 368) (1976); *Pearce & Co. v. Stone Tobacco Co.*, 125 Ga. 444 (54 SE 103) (1906); *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127 (296 SE2d 417) (1982); *Graham v. Nash Loan Co.*, 51 Ga. App. 521 (181 SE 105) (1935).

The instant guaranty agreement contained a clear statement of the agreement and identified the subject matter of the debt as well as the promisee and promisor. With regard to the other elements of an enforceable guaranty, appellee introduced invoices which established the exact materials purchased by Superior from Crown or appellee Hunter Douglas, the amounts owed for those purchases, and the term of indebtedness on the open account.

"It is not necessary that the [guaranty agreement] contain in it-

self all of the requirements which the [S]tatute [of Frauds] embraces . . . . If the writing, therefore, refer to any other writing which can be identified completely by this reference, without the aid of parol evidence, then the two or more writings may constitute a compliance with the statute." *Turner v. Lorillard Co.*, 100 Ga. 645, 650 (2) (28 SE 383) (1897). See also *Module Mobile, Inc. v. Fulton Nat. Bank*, 150 Ga. App. 808, 809 (1) (258 SE2d 614) (1979).

One can certainly execute a valid contract of guaranty whereby he guarantees the payment of future debts incurred by another party. *Pendley v. Stewart*, 116 Ga. App. 327, 329 (3) (157 SE2d 511) (1967). The exact amount and the full terms of the indebtedness on an open account are not determinable at the time of the execution of such a guaranty agreement, and are often necessarily established by subsequent documentation. "[T]he jury in the exercise of common sense could see the logical connection between the [guaranty agreement for payment of materials purchased and the invoices for materials subsequently purchased]. We conclude that the trial court correctly determined that the Statute of Frauds did not apply to [exclude] the [guaranty agreement]." *Module Mobile, Inc. v. Fulton Nat. Bank*, supra at 811. Cf. *Ebner v. Gulf Oil Corp.*, 99 Ga. App. 586, 588 (4) (109 SE2d 81) (1959). Compare *Gibson & DeJournette v. Graham*, 24 Ga. App. 496 (2) (101 SE 194) (1919).

3. In a related enumeration, appellant contends that certain testimony concerning the invoices was erroneously admitted to establish the terms of the guaranty agreement. As we stated in Division 2, the guaranty itself made reference to the indebtedness to be incurred by Superior for materials purchased. The contested testimony was not necessary to explain any of the terms of the guaranty agreement, nor was that its purpose. We find no error in this regard. See generally *Module Mobile v. Fulton Nat. Bank*, supra at 809.

4. Appellant asserts that Crown Aluminum's interest in the guaranty agreement was not transferable to appellee and therefore, the trial court erred in denying appellant's motion in limine to exclude the guaranty agreement from evidence.

As previously noted, appellee acquired all of Crown Aluminum's assets relating to the manufacture, distribution and sale of all aluminum products. A transfer of the underlying principal obligation operates as an assignment of the guaranty. *Hazel v. Tharpe & Brooks*, 159 Ga. App. 415 (2) (283 SE2d 653) (1981). Compare *Hurst v. Stith Equip. Co.*, 133 Ga. App. 374 (3) (210 SE2d 851) (1974). Therefore, Crown Aluminum's assignment to appellee of Superior's open account effectively operated as an assignment to it of appellant's obligation.

5. Appellant asserts that appellee was erroneously allowed to ask appellant leading questions. It is also contended that appellant's counsel was thereafter erroneously denied the opportunity to conduct

his own cross-examination of appellant.

It is undisputed that appellee called appellant to take the witness stand, and it was not until shortly after questioning had begun that appellee announced that appellant was being called as an adverse witness. In *Colwell v. Voyager Cas. Ins. Co.*, 251 Ga. 744, 747 (309 SE2d 617) (1983), the Supreme Court held that "[i]f the adverse party or agent as specified in OCGA § 24-9-81 (Code Ann. § 38-1801) is called, and an announcement is made by the calling party that the witness is being called for cross-examination, but that announcement is not timely made, the calling party may cross-examine the adverse witness and the other party may or may not be allowed to cross-examine the witness, in the discretion of the trial court, depending upon when in the course of the witness' testimony the announcement was made, the relationship and attitude of the witness to the parties and the nature of the testimony given or sought to be elicited."

Accordingly, the trial court in the instant case did not abuse its discretion in allowing appellee to ask leading questions of appellant since he was on cross-examination. Moreover, appellant's contention that his own counsel was not allowed to cross-examine him immediately after appellee's examination is not supported by the record. Even if such were the case, that decision would be within the trial court's discretion. *Colwell v. Voyager Cas. Ins. Co.*, supra. We find no error.

6. In its complaint, appellee alleged that Superior was an empty corporate entity and that appellant was its alter ego. Appellee asserted that the corporate veil should be pierced and that appellant be held personally liable for the balance due on Superior's open account. See generally *Williams Plaza v. Sedgefield Sportswear Div.*, supra. In an effort to prove this allegation, appellee introduced into evidence, over appellant's objection, certain of Superior's corporate records. Appellant contends on appeal that these records were irrelevant and, for that reason, were erroneously admitted.

Evidence which logically tends to prove or disprove a material fact in issue is relevant. Every act or circumstance serving to elucidate or throw light upon the issue is relevant and admissible. *Dept. of Transp. v. Lewyn*, 168 Ga. App. 283, 286 (3) (308 SE2d 684) (1983). Furthermore, even where the relevancy of evidence is doubtful, it should be admitted and its weight determined by the jury. *Carver v. Jones*, 166 Ga. App. 197, 198 (2) (303 SE2d 529) (1983). The issue of "piercing the corporate veil" is a jury question. *Fla. Shade Tobacco Growers v. Duncan*, 150 Ga. App. 34 (256 SE2d 644) (1979). The corporate documents under consideration tended to throw light on the issue of whether Superior was merely the alter ego of appellant, and were properly admitted into evidence.

7. Appellant asserts that the trial court's charge concerning the

corporate seal was an erroneous statement of the law. Our review of the contested charge shows that it tracked the language of OCGA § 14-2-4 (a) and was a correct statement of the law. Appellant further asserts, however, that the charge as given was erroneous because an unrequested instruction concerning the corporate seal should also have been given. " 'Under repeated rulings of this court, an otherwise correct and pertinent instruction is not rendered erroneous by the failure to charge in connection therewith some other correct and pertinent principle of law.' [Cit.]" *Shannon v. Kaylor*, 133 Ga. App. 514, 517 (5) (211 SE2d 368) (1974). " 'The exception should be to the omission and not to the instruction given.' [Cit.]" *Maulding v. Atlanta Transit System*, 101 Ga. App. 11, 13 (112 SE2d 666) (1960).

8. Appellant asserts that the trial court's charge on "piercing the corporate veil" was erroneous. Our careful review of the charge reveals that it was a correct statement of the law. *Williams Plaza v. Sedgefield Sportswear Div., Inc.*, supra.

9. Several enumerations of error challenge the sufficiency of the evidence. The evidence adduced at trial established that appellant signed the written agreement guaranteeing payment of Superior's bills for materials purchased from Crown. Appellant asserts on appeal that there was no evidence that he signed the guaranty agreement in his individual capacity, rather than as an officer of Delta Discount Corporation.

Our review of the agreement indicates that, even after application of the rules of construction, an ambiguity existed as to whether appellant signed the contract in his capacity as an officer of Delta or in an individual capacity. "[W]here the language in an instrument is ambiguous, parol evidence is admissible to explain the capacity in which one signed the agreement. [Cits.]" *Dundon v. Forehand*, 152 Ga. App. 749, 750 (263 SE2d 687) (1979). See also *Hawkins v. Turner*, 166 Ga. App. 50, 51 (303 SE2d 164) (1983). *Dorsey v. Rankin*, 43 Ga. App. 12 (1) (157 SE 876) (1931). While the evidence was not without conflict, there was some evidence from which the jury could conclude that appellant signed the guaranty agreement in his individual capacity, and not as an agent for the corporation. Accordingly, this court must affirm.

10. Having found that the evidence authorized a finding by the jury that appellant was liable for the balance due on Superior's open account by virtue of the guaranty agreement, we need not also decide whether there was sufficient evidence to support a finding that appellant was liable under a theory of "piercing the corporate veil."

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 14, 1984 —
REHEARING DENIED DECEMBER 6, 1984

*Michael L. Wetzel*, for appellant.
*Frank C. Bedinger III*, for appellee.