71971, 71972, 71973, 71974. JAM BONDING COMPANY v. STATE OF GEORGIA (four cases).
(345 SE2d 87)

CARLEY, Judge.

Appellant JAM Bonding Company is the surety on the bonds of four defendants who were charged with specified crimes. At the time the bonds were issued, the spaces in the bond contracts for the return date were filled in "TO BE NOTIFIED." Further down on the face of the bonds was printed the following: "In addition to all other requirements of the foregoing, we, principal and security agree that the above bond and recognizance is conditioned also upon the appearance of the principal before the Court at the time fixed for his arraignment

as required under official CODE OF GEORGIA SEC. 17-7-91 and 17-6-17." When the principals failed to appear at their scheduled arraignments, rules nisi issued. At the hearings thereon, judgments were rendered adverse to appellant, who now appeals.

Under OCGA § 17-6-17, appearance bonds or recognizances must be conditioned upon the accused presenting himself before the court "at the time fixed for his arraignment." Appellant contends that the absence of a date and a time *certain* on the instant bond contracts is a fatal deficiency and that appellant is not, therefore, bound by them.

Recognizances are construed strictly in favor of the surety. As contracts required to be in writing, they must stand or fall as written, and parol evidence is inadmissible to supply defects. *Nicholson v. State*, 2 Ga. 363 (2) (1847); *Gunsallus v. Busbee*, 149 Ga. App. 109 (253 SE2d 470) (1979); *Hardwick v. Shahan*, 30 Ga. App. 526 (3) (118 SE 575) (1923). To satisfy the Statute of Frauds, "the writing relied upon must 'either in itself *or in connection with other writings* identify the . . . subject of the promise, without the aid of parol evidence.' [Cit.]" (Emphasis supplied.) *Caldwell v. Rogers*, 140 Ga. App. 231, 232 (230 SE2d 368) (1976). "If the undertaking sued upon refers to another writing which can be identified by reference, then the two writings may constitute a compliance with the Statute of Frauds." *Module Mobile v. Fulton Nat. Bank*, 150 Ga. App. 808, 810 (258 SE2d 614) (1979). The instant bond contracts, which specify appearance "at the time fixed" for arraignment, incorporate by reference the provision for written notice of arraignment, required by OCGA § 17-7-91 (a) to be mailed to the accused, his attorney and his surety at least three days prior to arraignment. The fact that the actual notices had not yet been written and that the specific times of arraignment were unknown at the time the contracts were made does not seem to render those contracts fatally incomplete. A bond contract may be valid even though it is signed in blank, where the terms are agreed upon but left to be filled in at a future time. *Brown v. Colquitt*, 73 Ga. 59 (1884). Compare *Hardwick v. Shahan*, supra at 526 (2). Cf. *Cassville-White Assoc. v. Bartow Assoc.*, 150 Ga. App. 561, 564 (3a), 565 (4) (258 SE2d 175) (1979), in which the time for performance in a contract for the sale of land is specified as "when called upon by purchaser" was held certain and definite.

There is no contention that written notices of the dates of arraignment were not mailed and received, only that the lack of a specific date of arraignment on the face of the contracts is fatal to their validity and enforceability. The bond contracts not being fatally deficient, the superior court did not err in entering judgments against appellant.

*Judgments affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 23, 1986 —
REHEARING DENIED MAY 13, 1986 —

*Steven E. Lister*, for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant
District Attorney*, for appellee.